**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TATIANA MIRONOVA,

                              Plaintiff,

                - v. -                                                    Case No.: 13 CV 1663

PASQUALE'S DAMARINO'S, INC., individually and
d/b/a DA MARINO RISTORANTE ITALIANO,
PASQUALE MARINO, individually, and PETER
ROSSIGNUOLO, individually,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE

EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177-1211

———

212.351.4500

*Attorneys for Defendants*

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

TABLE OF CONTENTS

Page(s)

I.     PRELIMINARY STATEMENT ................................................................. 1

II.    INTRODUCTION ................................................................................... 1

III.   ARGUMENT ........................................................................................ 2

       A.    Plaintiff Should Be Precluded From Offering Testimony Concerning
             Any Alleged Mental, Emotional or Medical Conditions ......................... 2

       B.    Testimony Of Plaintiff's Expert, Dr. Reich, Should Be Excluded ............ 5

       C.    Plaintiff Should Be Precluded From Offering Inadmissible Hearsay
             Statements ................................................................................... 7

       D.    Plaintiff's Husband Should Be Precluded From Testifying ..................... 9

       E.    ................................................................................................ 10

       F.    ................................................................................................ 12

       G.    Testimony And Evidence From The *Wilson* Action Plaintiffs Must Be
             Excluded ..................................................................................... 14

       H.    Testimony Concerning Events That Are Time-Barred Or Occurred
             In The Remote Past ....................................................................... 16

       I.    Plaintiff is Not Entitled To A Jury Determination Of Front and Back Pay
             And Any Purported Evidence Of Lost Pay Should Be Excluded From
             The Jury ...................................................................................... 20

       J.    Inadmissible Character Evidence Concerning Pasquale Marino Should be
             Excluded ..................................................................................... 20

       K.    Plaintiff Should Not Be Permitted To Argue That The State Court Action Is
             Time-Barred ................................................................................. 21

       L.    Plaintiff Should Be Precluded From Offering Evidence Concerning Any
             Alleged Pattern of Employee Turn-over ............................................ 23

       M.    That Plaintiff Should Be Precluded From Offering Testimony That She Was
             Threatened by Vincent Parko .......................................................... 24

IV.    CONCLUSION ................................................................................... 25

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ariza v. City of N.Y.*,
139 F.3d 132 (2d Cir. 1998)..............................................................................12

*Arlio v. Lively*,
474 F.3d 46 (2d Cir. 2007)...........................................................................16, 18

*Bailey v. South Carolina Dep't of Soc. Servs*,
851 F. Supp. 219 (D.S.C. 1993)........................................................................13

*Barlow v. State of Conn.*,
319 F. Supp. 2d 250 (D. Conn. 2004), *aff'd*, 148 F. App'x 31 (2d Cir. 2005) ............................13

*Berkovich v. Hicks*,
922 F.2d 1018 (2d Cir. 1991)............................................................................11

*Biro v. Condé Nast*,
963 F. Supp. 2d 255, 2013 U.S. Dist. LEXIS 108113 (S.D.N.Y. 2013) ........................................22

*Bonura v. Chase Manhattan Bank, N.A.*,
629 F. Supp. 353 (S.D.N.Y. 1986), *aff'd*, 795 F.2d 276 (2d Cir. 1986)................................3

*Bridgeway Corp. v. Citibank*,
201 F.3d 134 (2d Cir. 2000)..............................................................................12

*Broadnax v. City of New Haven*,
415 F.3d 265 (2d Cir. 2005)..............................................................................20

*Cortes v. Maxus Exploration Co.*,
758 F. Supp. 1182 (S.D. Tex. 1991), *aff'd*, 977 F.2d 195 (5th Cir. 1992) ....................................13

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1983)........................................................................................6

*DLC Mgmt. Corp. v. Town of Hyde Park*,
163 F.3d 124 (2d Cir. 1998)...............................................................................3

*EEOC v. Bloomberg L.P.*,
No. 07-cv-8383(LAP), 2010 U.S. Dist. LEXIS 92511 (S.D.N.Y. Aug. 31, 2010) ........................7

*Franklin v. Consolidated Edison Co. of N.Y., Inc.*,
No. 98 Civ. 2286, 2000 U.S. Dist. LEXIS 18277 (S.D.N.Y. Dec. 18, 2000), *aff'd*, 37 F.
App'x 12 (2d Cir. 2002)....................................................................................18

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

*Goldberg v. B. Green & Co.*,
836 F.2d 845, 848 (4th Cir. 1988) ...................................................................13

*Goodwine v. AMTRAK*,
No. 12-cv-3882 (TLM), 2014 U.S. Dist. LEXIS 34776 (E.D.N.Y. Mar. 17, 2014)......................12

*Haskell v. Kaman Corp.*,
743 F.2d 113 (2d Cir. 1984)...............................................................16, 19

*Hunt v. CNH Am. LLC*,
 857 F. Supp. 2d 320 (W.D.N.Y. 2012), *aff'd*, No. 12-1301-cv, 2013 U.S. App. LEXIS
2533 (2d Cir. Feb. 6, 2013)...................................................................7

*Jenkins v. Winter*,
540 F.3d 742 (8th Cir. 2008) ...............................................................25

*Kronisch v. United States*,
150 F.3d 112 (2d Cir. 1998)..................................................................4

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999)..........................................................................6

*Laurin v. Pokoik*,
No. 02 Civ. 1938 (LMM), 2005 U.S. Dist. LEXIS 20003 (S.D.N.Y. Sept. 13, 2005).................21

*Lehman v. Discovery Commc'ns, Inc.*,
332 F. Supp. 2d 534 (E.D.N.Y. 2004) .......................................................23

*Lehman v. Fox Cable Networks Inc.*,
No. 07-cv-2291 (JFB) (WDW), 2009 U.S. Dist. LEXIS 75500 (E.D.N.Y. Aug. 25, 2009) .........22

*Leopold v. Baccarat, Inc.*,
174 F.3d 261 (2d Cir. 1999)...............................................................9, 24

*Linde v. Arab Bank, PLC*,
269 F.R.D. 186 (E.D.N.Y. 2010) ............................................................4

*Major League Baseball Props. v. Salvino, Inc.*,
542 F.3d 290 (2d Cir. 2008)...............................................................25

*Martin v. Daily News, L.P.*,
35 Misc. 3d 1212(A), 2012 N.Y. Misc. LEXIS 1753 (Sup. Ct. N.Y. Cty. 2012)........................23

*Mitchell v. New York Blood Ctr.*,
225 F.3d 646 (2d Cir. 2000)...............................................................15, 17

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

*Monsour v. New York State Office for Dev. Disabilities,*
No. 1:13-cv-0336 (TJM) (CFH), 2014 U.S. Dist. LEXIS 31743
(N.D.N.Y. Mar. 12, 2014) ....................................................................................23

*Morales v. N.Y. State Dep't of Labor,*
530 F. App'x 13 (2d Cir. 2013) ...........................................................................19

*Mugavero v. Arms Acres, Inc.,*
680 F. Supp. 2d 544 (S.D.N.Y. 2010)....................................................................3

*Munafo v. Metro. Transp. Auth.,*
Nos. 98 CV–4572 (ERK) ..................................................................................6, 7

*Paolitto v. John Brown E. & C., Inc.,*
151 F.3d 60 (2d Cir. 1998)..................................................................................13

*Perez v. Consol. Edison Order Corp.,*
No. 02 Civ. 2832 (PKC) (FM), 2008 U.S. Dist. LEXIS 4594 (S.D.N.Y. Jan. 23, 2008)........17, 18

*ResidentialFunding Corp. v. DeGeorge Fin.l Corp.,*
306 F.3d 99 (2d Cir. 2002)................................................................................3, 4

*Rivera v. Baccarat, Inc.,*
No. 95-CV-9478(MBM)(JCF), 1997 U.S. Dist. LEXIS 19911 (S.D.N.Y. Dec. 12, 1997)...........15

*Roberta C. Tse v. UBS Fin. Servs. Inc.,*
568 F. Supp. 2d 274 (S.D.N.Y. 2008)..................................................................20

*Rojas v. Roman Catholic Diocese of Rochester,*
783 F. Supp. 2d 381 (W.D.N.Y. 2010), aff'd, 660 F.3d 98 (2d Cir. 2011) ..................................25

*Sanders v. Madison Square Garden, L.P.,*
No. 06 Civ. 589 (S.D.N.Y. Sept. 4, 2007) ............................................................20

*Sidari v. Orleans Cty.,*
No. 95-CV-7250 (CJS), 2000 U.S. Dist. LEXIS 15126
(W.D.N.Y. Oct. 3, 2000)................................................................................15, 17

*Sir Speedy, Inc. v. L & P Graphics, Inc.,*
957 F.2d 1033 (2d Cir. 1992)................................................................................3

*Sullivan v. Newburgh Enlarged Sch. Dist.,*
281 F. Supp. 2d 689 (S.D.N.Y. 2003)..................................................................12

*Sumner v. U.S. Postal Serv.,*
899 F.2d 203, 209 (2d Cir. 1990)........................................................................18

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

*Thomas v. iStar Fin., Inc.,*
629 F.3d 276 (2d Cir. 2010).............................................................................20

*United States v. Gomez,*
617 F.3d 88 (2d Cir. 2010)..................................................................................8

*Wingfield v. United Techs. Corp.,*
678 F. Supp. 973 (D. Conn. 1988).....................................................................17

**OTHER AUTHORITIES**

Fed. R. Evid. 401 ....................................................................................10, 15

Fed. R. Evid. 402 ....................................................................................15, 21

Fed. R. Evid. 403 ......................................................................................passim

Fed. R. Evid. 404 ......................................................................................passim

Fed. R. Evid. 602 ....................................................................................14, 21

Fed. R. Evid. 609 ....................................................................................10, 11

Fed. R. Evid 701 ............................................................................................14

Fed. R. Evid. 702 ..........................................................................................5, 6

Fed. R. Evid. 703 ..........................................................................................5, 6

Fed. R. Evid. 801 ........................................................................................8, 13

Fed. R. Evid. 802 ....................................................................................7, 8, 21

Fed. R. Evid. 803(8)(c) ....................................................................................12

Fed. R. Evid. 805 ............................................................................................12

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

## I.  PRELIMINARY STATEMENT

Defendants Pasquale Marino, Pasquale DaMarino's Inc., and Peter Rossignuolo submit this Memorandum of Law in Support of their Motion In Limine.

## II.   INTRODUCTION

Defendants moves to exclude from evidence: (1) testimony concerning any alleged mental, emotional or medical conditions because Plaintiff  failed to produce and/or preserve medical records; (2) testimony of Plaintiff's Expert, Dr. Reich, because it is based on flawed methodology and falls far short of the standards for admission of expert testimony; (3) inadmissible hearsay statements concerning anything that Plaintiff was allegedly told by the *Wilson* Action Plaintiffs, other colleagues or her new employer; (4) testimony from Plaintiff's husband, because he has no first-hand knowledge, except as to his observations of Plaintiff's alleged condition – which should be excluded as a sanction for Plaintiff's disclosure failures – and otherwise reflects inadmissible hearsay;

(7) trial testimony by the *Wilson* Action Plaintiffs because the testimony is irrelevant, pertains to events that do not involve the Plaintiff and/or which occurred in the remote past, could result in needlessly presenting cumulative evidence and presents great dangers of undue prejudice, undue delay and confusion of the issues; (8) testimony concerning events that are time-barred  or which occurred in the remote past because they have limited probative value and present great danger of undue prejudice, confusion and delay; (9) proof concerning any lost pay arising from her termination because Plaintiff is not entitled to a jury determination concerning any equitable awards of front

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

or back pay; (10) inadmissible hearsay and character evidence concerning alleged drug use or infidelity because no exceptions justifying admission apply and, even if admissible – and even if relevant – the proffered testimony should be excluded because of concerns of unfair prejudice, confusion and delay; (11) testimony or argument that the State Court Defamation Action is time-barred because the Defamation Action was timely filed, the rule of "initial publication" does not apply here, and this is an unresolved issue of fact and law in the pending Defamation Action; (12) evidence concerning any alleged pattern of employee turn-over, because Plaintiff is unable to provide sufficient context and knowledge concerning the individualized circumstances and thus the information will not be helpful to the determination of the issues by the jury and can only serve to unduly prejudice Defendants; and (13) testimony that Vincent Parko threatened Plaintiff in retaliation for her protected activity, because it is hearsay, is inconsistent with her Complaint, and is alleged, for the first time, in Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

## III.  ARGUMENT

### A.    Plaintiff Should Be Precluded From Offering Testimony Concerning Any Alleged Mental, Emotional or Medical Conditions

Plaintiff's purported proof of her mental and emotion distress should be excluded because Plaintiff has failed to produce supporting documents concerning her treatment.  Here, Plaintiff has failed to adequately maintain, obtain and produce documents pertaining to the purported mental health treatment she received in Russia.  As a result, Plaintiff has denied Defendants, this Court and the Jury of the ability to determine whether (1) plaintiff actually sought the treatment as alleged; (2) the dates, nature and extent of the alleged treatment; (3) the complaints and reasons for those complaints that Plaintiff may have provided in connection with her receipt of that treatment; and (4) any findings, notes, and assessments that may have been rendered by the

treating physician(s), if any. These issues of fact are absolutely critical to assessing the merits of Plaintiff's claim for emotional damages and Plaintiff failed to meet her discovery obligations with respect to critical documents that go to the very heart of her claim.

Under these circumstances, Plaintiff should be precluded from offering any evidence concerning her purported mental health condition and recovering damages. *See, e.g., Bonura v. Chase Manhattan Bank, N.A.*, 629 F. Supp. 353, 361 (S.D.N.Y. 1986) (denying plaintiff's requested damages where such damages would be based, in part, on documentation that the plaintiff failed to produce), *aff'd*, 795 F.2d 276 (2d Cir. 1986); *Mugavero v. Arms Acres, Inc.*, 680 F. Supp. 2d 544, 582 (S.D.N.Y. 2010) (same); *see also Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992) ("[A] claimant must present evidence that provides the finder of fact with a reasonable basis upon which to calculate the amount of damages.").

To the extent Plaintiff is permitted to offer testimony concerning her alleged, mental and emotional distress damages, Defendants are entitled to an adverse inference instruction due to Plaintiff's failures to produce relevant documents concerning her purported treatment. "[W]here, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a District Court has broad discretion in fashioning an appropriate sanction, including the discretion . . . to proceed with a trial with an adverse inference instruction . . . ." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002); *see also DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 135-36 (2d Cir. 1998) (court has discretion to impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs, even in the absence of a prior court order).

A party is entitled to an adverse inference instruction against a party that fails to produce evidence in time for use at trial by demonstrating: "(1) that the party having control over the

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp.,* 306 F.3d at 107. *See, e.g., Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir. 1998) (adverse inference instruction "restor[es] the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.") (citations omitted).

Here, Defendants are entitled to an adverse inference instruction because Plaintiff failed to obtain and produce relevant records of her purported mental health treatment in Russia. Indeed, even viewed in the light most favorable to Plaintiff, she was "purposely sluggish" and failed to proactively seek out those records. This is sufficient for an adverse inference instruction. "[I]ntentional or grossly negligent acts that hinder discovery support such an inference, even if those acts are not ultimately responsible for the unavailability of the evidence (*i.e.,* even if those acts do not satisfy the 'culpable state of mind' factor because they did not cause the destruction or unavailability of the missing evidence)." *Residential Funding Corp.,* 306 F.3d at 110. *See also Linde v. Arab Bank, PLC,* 269 F.R.D. 186, 199-200 (E.D.N.Y. 2010) (Holding that, even in the absence of bad faith or any finding of moral culpability, sanction of an adverse inference warranted for a party's failure to produce relevant evidence that went directly to the proof of various claims at issue.).

Accordingly, to the extent Plaintiff is permitted to offer any testimony concerning her alleged mental and emotional distress – or that she sought treatment concerning her alleged condition – this Court should instruct the jury to presume that Plaintiff's medical records from Russia (and any other non-produced medical record) are, in fact, detrimental to her claim.

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

**B.      Testimony Of Plaintiff's Expert, Dr. Reich, Should Be Excluded**

Dr. Reich failed to meet the standards under Fed. R. Evid. 702 and 703 for the admission of expert testimony.  Testimony concerning his cursory examination of the Plaintiff and his report, which is devoid of requisite background facts and data to support his speculative conclusions, should be excluded from evidence in its entirety.

In order for expert evidence to be admissible, Fed. R. Evid. 702 requires that the expert evidence must be (1) grounded in the expert's scientific, technical, or other specialized knowledge such that it will help the trier of fact to understand the evidence or to determine a fact in issue; (2) based on sufficient facts or data; (3) the product of reliable principles and methods; and (4) must reflect that the expert reliably applied the principles and methods to the facts of the case.  The report of Dr. Reich and any proffered testimony based off of the report utterly fails to meet this robust standard.

Here, Dr. Reich's report should be excluded because of the following flaws: (1) unquestioning acceptance of the Plaintiff's account of events, whereas proper science requires consideration of alternative explanations, if not to simply rule them out, thereby completely disregarding a central tenet of the standard of care for forensic examinations; (2) basing his entire report on Plaintiff's statements to him without adequately reviewing other materials, such as declarations that contradicted Plaintiff's version of events – including her own prior declaration – or which questioned Plaintiff's credibility, *e.g.*, the D.A. hearing, her false testimony concerning her being in Marino's apartment before the second assault or documentation in which Plaintiff stated to a friend that her first declaration was truthful; (3) conducting a superficial examination of the Plaintiff that did not include a more detailed review of her marriage (both to assess other potential explanations, which would have been uncovered, and to obtain adequate background) and which did not assess Plaintiff's level of functioning,

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

notwithstanding her stated condition; (4) failing to rely on a translator in a case where the Plaintiff has repeatedly indicated difficulties with English (including requiring a translator for her deposition), which is especially damning where, as here, the subject matter of the examination and opinion is entirely dependent upon capturing nuances of conversation; (5) rendering an overly broad and unsupported conclusions from the tests administered; (6) misquoting and misapplying the diagnoses from the *Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition* (DSM-5) (APA 2013); (6) rendering inaccurate and unsupported statements that unduly speculate about the Plaintiff's treatment prognosis; and (7) rendering an opinion without examination of the purported Russian provider's treatment records.

These deficiencies establish that Dr. Reich's report fails to meet the standard for admission under Fed. R. Evid. 702, 703 and the case law under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1983), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) and their progeny. Indeed, "[w]hile an expert need not rule out every potential cause in order to satisfy *Daubert*, the expert's testimony must at least address obvious alternative causes and provide a reasonable explanation for dismissing specific alternate factors identified by the defendant." *Munafo v. Metro. Transp. Auth.*, Nos. 98 CV–4572 (ERK), 00–CV–0134 (ERK), 2003 U.S. Dist. LEXIS 134955, at *55-56 (E.D.N.Y. Jan. 22, 2003) (precluding testimony, notes, and reports of plaintiff's expert as unreliable because the expert failed to conduct a meaningful "differential diagnosis" to rule out other possible contributing factors and "'specifically negate other alternative possible causes.'") (citations omitted).

Here, for example, as in *Munafo*, Dr. Reich failed to explore the existence of issues in Plaintiff's marriage or to inquire how those factors, if any, could be contributing to her reported conductions. *Id.,* at *57 ("Despite a number of significant events and emotional traumas in

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

Munafo's recent past, Dr. Rao utterly failed to investigate or even inquire as to how these factors may have contributed to his depression."). *See also EEOC v. Bloomberg L.P.*, No. 07-cv-8383(LAP), 2010 U.S. Dist. LEXIS 92511, at *32-41 (S.D.N.Y. Aug. 31, 2010) (excluding testimony and expert report of labor economist as irrelevant and unreliable for failure to apply appropriate controls to test assumptions and rule out alternative explanations).

In addition, because Dr. Reich's report merely records and parrots back Plaintiff's own statements concerning her conditions, but does not engage in rigorous science to test the assumption, it cannot meet the crucial hurdle that the expert's testimony must "assist the trier of fact." Therefore, it must be excluded. *See, e.g., Hunt v. CNH Am. LLC*, 857 F. Supp. 2d 320, 342-343 (W.D.N.Y. 2012), *aff'd*, No. 12-1301-cv, 2013 U.S. App. LEXIS 2533 (2d Cir. Feb. 6, 2013) (precluding expert opinion and testimony because expert proffered opinion was not the product of reliable principles and methods and would impermissibly mislead a jury). There, the court explained that expert testimony that "usurp[s] … the role of the jury in applying that law to the facts before it . . . by definition does not aid the jury in making a decision; rather, it undertakes to tell the jury what result to reach, and thus attempts to substitute the expert's judgment for the jury's." *Id.* at 342 (internal citations and quotation marks omitted).

**C.   Plaintiff Should Be Precluded From Offering Inadmissible Hearsay Statements**

Plaintiff should be precluded from offering various statements, discussed herein, because (1) because they are inadmissible as hearsay under Fed. R. Evid. 802; (2) they are not relevant; and (3) even if relevant (and if subject to an exception to the hearsay rule), they should be excluded under the balancing approach because what limited probative value they may have is severely outweighed by "danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Indeed, "[t]he Federal Rules of Evidence prohibit as hearsay the receipt of out-of-court

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

statements offered to prove the truth of the matter asserted." *United States v. Gomez*, 617 F.3d 88, 91 (2d Cir. 2010); *see also* Fed. R. Evid. 801, 802.

Here, the following out of court statements should be excluded as inadmissible hearsay:

1. That "everyone knew" (albeit incorrectly) that another individual (Ms. Odegova) was Defendant Marino's lover – and that her sole basis for this knowledge is what she was told by staff at the Restaurant. (*See, e.g.*, Pl. Tr. 55-56).

2. That Plaintiff was told about employees living at an apartment owned by Pasquale Marino, and that this suggested the existence of an inappropriate relationship. (*See, e.g.*, Pl. Tr. 58-59).

3. That an individual named Simone informed Plaintiff that her schedule had been changed. (*See, e.g.*, Pl. Tr. 73).

4. That, despite her lack of personal knowledge, she heard that Pasquale Marino harassed Synyuk and that was the reason Synyuk stopped working at DaMarino's. (*See, e.g.*, Pl. Tr. 74).

5. That Plaintiff heard (from her new employer) that after she left the Restaurant, individuals went to the new employer and informed him about Plaintiff's employment at and circumstances of her departure and litigation. (*See, e.g.*, Pl. Tr. 168).

6. That the District Attorney called Defendant Marino "with a warning" after Defendant Marino allegedly sent Yuliya Vershinova to convey a message to Plaintiff. (*See, e.g.*, Pl. Tr. 254-255).

7. That a bartender at another restaurant (Julia Bondar, employed at "Famous Dave's") told Plaintiff that Yuliya Vershinova went to Famous Dave's and attempted to convey a message to Plaintiff (who was not there) on behalf of Defendant Marino. (*See, e.g.*, Pl. Tr. 254-255).

8. That individuals where Plaintiff sought a job informed her that they would not hire her because they were friends with Defendant Marino. (*See, e.g.*, Pl. Tr. 259).

9. That Defendant Marino's wife informed Plaintiff that she was aware Defendant Marino was cheating on her and asked Plaintiff why Plaintiff told her (Defendant Marino's wife) about these infidelities. (*See, e.g.*, Pl. Tr. 262, 263).

10. That Yuliya Synyuk told Plaintiff that Defendant Marino had harassed her. (See, *e.g.*, Pl. Tr. 274).

11. That an individual named Francesco (last name unknown) told Plaintiff that if she did not come back to work, then Defendant Marino would kill her, hurt her family. (*See, e.g.*, Pl. Tr. 278).

<u>REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL</u>

12. That Plaintiff told her husband about the alleged assault by Defendant. (*See, e.g.,* Zrazhevskiy Tr. 41-42).

13. That Plaintiff told her husband about the alleged assault by Defendant (*See, e.g.,* Zrazhevskiy Tr. 41-42).

14. That Plaintiff told her husband what she said to the NYPD detective and to the D.A. (*See, e.g.,* Zrazhevskiy Tr. 44, 46).

15. That Plaintiff told her husband what transpired at the criminal trial. (*See, e.g.,* Zrazhevskiy Tr. 48).

16. That Plaintiff informed her husband that her initial declaration was forced. (*See, e.g.,* Zrazhevskiy Tr. 50, 52).

17. That Mohammed Uddin (one of the *Wilson* Action Plaintiffs) heard rumors and gossip that suggested Defendant Marino might be engaged in inappropriate conduct. (*See, e.g.,* Uddin Tr. 28-31).

18. That Yuliya Synyuk (another of the *Wilson* Action Plaintiffs) heard rumors that there were marital issues between Defendant Marino and his wife. (*See, e.g.,* Synyuk Tr. 119).

19. That Vincent Parko went to Plaintiff and told her that Defendant Marino would drop the Defamation Action if Plaintiff signed a Declaration in support of Defendant Marino in the *Wilson* Action. (Pl. Opp. To Defendants' Motion for Summary Judgment, at pp. 6-7).

20. That Plaintiff's husband informed Plaintiff that Mr. Parko told Plaintiff's husband that if Plaintiff "doesn't helps [Defendant Marino] in this case she will be sued." (Pl. Opp. To Defendants' Motion for Summary Judgment, at pp. 6-7).

These statements are not only inadmissible as hearsay, but moreover, they lack relevance and their limited probative value is significantly outweighed by balancing concerns under Fed. R. Evid. 403.

**D.   Plaintiff's Husband Should Be Precluded From Testifying**

Plaintiff's husband should be precluded from testifying because he lacks first-hand knowledge concerning any of the relevant events in this case. *Leopold v. Baccarat, Inc.*, 174 F.3d 261, 270-71 (2d Cir. 1999) (affirming district court's exclusion of testimony for which witness lacked personal knowledge).  Indeed, as discussed above, his testimony consists largely

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

of hearsay statements concerning what Plaintiff told him – and which would be offered solely to prove the truth of the matter asserted (as her husband's knowledge, etc., is irrelevant to the determination of this action).

Simply put, her husband can offer no relevant, first-hand account of anything that would be of value to the trier of fact in this action. (*See, e.g.,* Zrazhevskiy Tr. *Passim*) (At his deposition her husband answered "I don't recall" or words to that effect more than 50 times). The only non-hearsay, first-hand account her husband could potentially provide would be testimony concerning his observations of Plaintiff's behavior. This testimony, however, should be excluded because – as noted above – Plaintiff should be precluded from offering testimony concerning her alleged mental state.

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

**G.      Testimony And Evidence From The *Wilson* Action Plaintiffs Must Be Excluded**

Testimony from the *Wilson* Action Plaintiffs must be excluded for a number of reasons. At the outset, none of the *Wilson* Action Plaintiffs were present for or otherwise witnesses to the alleged sexual assaults and post-termination conduct directed at Plaintiff.  Thus, their proffered testimony lacks the quintessential hallmark of being comprised of first-hand knowledge and would merely be offered as impermissible opinion evidence.  Fed. R. Evid. 602, 701.

For example, Uddin testified that he had no first-hand observations of any inappropriate conduct, but believed that Defendant Marino was a bad person because of Defendant Marino's culture. (passim).  The only first-hand observations to which Uddin was able to testify were that he saw Defendant Marino pat Plaintiff on the back and hug her – perhaps on two occasions – and that Uddin further observed Plaintiff receiving free meals and talking with Defendant Marino in a friendly manner.  (*See* Uddin Tr. 39-40) (Defendant Marino is a "bad charactered person and he would call [Plaintiff and two other women] and have food with them and besides me there were other members of the staff who would say the same things.") (*See also* Uddin Tr. 19-20, 25-26, 28-31, 44-45).  In fact, Uddin testified that he never observed Defendant Marino make an inappropriate comment, or attempt to touch Plaintiff on the leg, kiss her or engage in any conduct

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

of the nature Plaintiff now alleges to have transpired. (*Id.*)  Summing up his knowledge, Uddin declared that he was merely "guessing" and did not see anything and just thought that Defendant Marino might be engaging in inappropriate conduct. (*See* Uddin Tr. 35, 53).

Even if these witnesses possess some first-hand knowledge concerning events directed at them (*but not at plaintiff*), any proffered testimony by these individuals is not relevant because it will not tend to make the allegations here any more likely. Fed. R. Evid. 401, 402. Indeed, the testimony concerns events that are remotely distant. *Mitchell v. New York Blood Ctr.,* 225 F.3d 646 (2d Cir. 2000) (remoteness in time can be a sufficient reason for excluding as irrelevant evidence of allegedly discriminatory statements or actions.). Similarly, the testimony concerns conduct which is different in kind from the conduct allegedly suffered by Plaintiff (compare Plaintiff's claims of post-termination retaliation and Section 1981 Race Discrimination with the *Wilson* Action Plaintiffs' alleged sexual harassment and wage claims). *See, e.g., Sidari v. Orleans Cty.*, No. 95-CV-7250 (CJS), 2000 U.S. Dist. LEXIS 15126, at *9-11 (W.D.N.Y. Oct. 3, 2000) (Prohibiting plaintiff from using allegations of gender discrimination against plaintiff's co-workers to support plaintiff's claim of national origin discrimination because there was no sufficient nexus between the allegations to suggest that evidence of the former was relevant to the latter.); *Rivera v. Baccarat, Inc.*, No. 95-CV-9478(MBM)(JCF), 1997 U.S. Dist. LEXIS 19911, at *4-5 (S.D.N.Y. Dec. 12, 1997) ("[E]vidence that other Baccarat employees may have been victims of gender bias or sexual harassment has no bearing on the plaintiff's claims of national origin and age discrimination in this case.").

Moreover, even to the extent it concerns Plaintiff's allegations under the State and City law that she was subjected to two sexual assaults, Plaintiff herself has argued that the conduct she allegedly suffered is not comparable to the *Wilson* Action Plaintiffs. (*See, e.g.,* Pl. Opp. to

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

Defendants' Motion for Summary Judgment at p. 8 ("It is undisputed that none of the *Wilson* plaintiffs accuse Defendant Marino of sexual assault.... **the *Wilson* plaintiffs are not analogous to Plaintiff.**")) (citation omitted) (emphasis added).

Finally, even if this evidence was deemed to hold some probative value, the balancing of factors dictates that the evidence must be excluded because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. *See Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) ("Even relevant evidence may be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'") (citation omitted).

Here, it would be unfairly prejudicial, result in confusion of the issues, and lead to undue delay to permit Plaintiff to parade in a series of witnesses to offer "me too" evidence concerning events separate and distinct events that would only serve to inflame the passions against Defendant unnecessarily. *Haskell v. Kaman Corp.*, 743 F.2d 113, 122 (2d Cir. 1984) ("[E]ven the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age.") (citation omitted).

**H.     Testimony Concerning Events That Are Time-Barred Or Occurred In The Remote Past**

Plaintiff's proffered evidence concerning events from the remote past, including events that are time-barred, and especially events as observed by the *Wilson* Action Plaintiffs, should be excluded because those events are, in most situations, presumptively irrelevant and, the limited

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

probative value, if any, is severely outweighed by dangers of jury confusion between actionable and non-actionable conduct, delay, and the fact that the evidence will be unduly prejudicial.[1]

As an initial matter, testimony from or concerning the *Wilson* Action Plaintiffs should be excluded for all the reasons set forth above. Second, evidence from the remote past is generally excluded because it does not support an inference that Plaintiff suffered adverse conduct on any of her timely claims. *Mitchell,* 225 F.3d 646 (remoteness in time can be a sufficient reason for excluding as irrelevant evidence of allegedly discriminatory statements or actions.); *Wingfield v. United Techs. Corp.*, 678 F. Supp. 973, 983 (D. Conn. 1988) (evidence of time-barred acts is not admissible unless it makes the existence of discrimination as to acts within the limitations period more probable and should not be received where it would likely confuse the jury, unfairly prejudice the Defendants or unduly delay the trial).[2] Here, evidence of purported discrimination directed at plaintiff, and which is time-barred, or which was allegedly directed at other individuals during their long-distant, periods of employment does not make it any more likely that Plaintiff was retaliated against for engaging in protected activity post-termination.

Third, many of these proffered, remotely distant events are irrelevant because the evidence concerns alleged conduct suffered *by others* and which is *meaningfully different in kind* from the conduct allegedly suffered by Plaintiff. *See, e.g., Sidari*, 2000 U.S. Dist. LEXIS 15126, at *9-11 (prohibiting plaintiff from using allegations of gender discrimination against plaintiff's co-workers to support plaintiff's claim of national origin discrimination because there was no sufficient nexus between the allegations to suggest that evidence of the former was relevant to

---

[1] All purported events prior to March 2010 are time-barred under the State and City laws' three year limitations period because this lawsuit was commenced in March 2013.

[2] To the extent Plaintiff is permitted to offer background evidence concerning time-barred and remotely distant events, Plaintiff should be limited to testifying concerning alleged actions by Defendant Marino as against her directly, and precluded from offering evidence concerning conduct directed towards other employees, especially where much of it is predicated on hearsay statements, second-hand recitations and speculation. *See Perez v. Consol. Edison Order Corp.*, No. 02 Civ. 2832 (PKC) (FM), 2008 U.S. Dist. LEXIS 4594 (S.D.N.Y. Jan. 23, 2008).

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

the latter).  For example, Plaintiff should be precluded from offering testimony that the *Wilson* Action Plaintiffs were harassed or that they did not receive wages, because those claims are irrelevant to Plaintiff's retaliation and her purported Section 1981 race claim.   Indeed, as discussed above, even as it concerns Plaintiff's allegations under the State and City laws that she was subjected to two sexual assaults, Plaintiff herself has argued that the conduct she suffered was different in kind from the nature of the alleged conduct directed at those individuals.  (*See, e.g.,* Pl. Opp. to Defendants' Motion for Summary Judgment at p. 8 ("It is undisputed that none of the *Wilson* plaintiffs accuse Defendant Marino of sexual assault . . . **the *Wilson* plaintiffs are not analogous to Plaintiff.**")) (citation omitted) (emphasis added).

Fourth, proffered evidence concerning her time-barred discrimination claims should not be admitted because they are presumptively irrelevant to Plaintiff's retaliation claims. *See, e.g., Perez v. Consol. Edison Order Corp.,* No. 02 Civ. 2832 (PKC) (FM), 2008 U.S. Dist. LEXIS 4594, at *2 (S.D.N.Y. Jan. 23, 2008) ("Evidence having the singular purpose of proving the truth of the underlying discrimination is, however, presumptively irrelevant to retaliation claims.") (citing *Sumner v. U.S. Postal Serv.,* 899 F.2d 203, 209 (2d Cir. 1990) (plaintiff in Title VII retaliation case "'need not prove the merit of his underlying discrimination complaint.'")).

Fifth, even if the remote and/or time-barred evidence contained some limited probative value, the evidence must be excluded if, as is the case here, it will confuse the jury between actionable and non-actionable conduct and present a strong danger of undue prejudicial effect. *Franklin v. Consolidated Edison Co. of N.Y., Inc.,* No. 98 Civ. 2286, 2000 U.S. Dist. LEXIS 18277 (S.D.N.Y. Dec. 18, 2000), *aff'd,* 37 F. App'x 12 (2d Cir. 2002).

Under these circumstances, the balancing of factors requires exclusion. *Arlio,* 474 F.3d at 53 ("Even relevant evidence may be excluded 'if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'"); *Morales v. N.Y. State Dep't of Labor*, 530 F. App'x 13 (2d Cir. 2013) (summary order) (affirming District Court's exclusion of evidence proffered in support of a retaliation claim, because balancing factors weighed against admitting evidence that corresponded to time-barred portions of the claim).

Here, and as discussed above, testimony from the *Wilson* Action Plaintiffs (or from Plaintiff concerning the *Wilson* Action Plaintiffs) regarding events directed at those individuals must be excluded because it is even less relevant to the issues here and yet significantly more prejudicial. *See, e.g., Haskell*, 743 F.2d at 122 (finding that the district court committed error when it allowed six former company officers to testify concerning the circumstances of their own terminations as well as the terminations of a few former company officers over an extended period of time). There, the Court of Appeals reasoned that the testimony of the six former company officers regarding the circumstances of their own employment and observations unrelated to the plaintiff's particular circumstances "was not relevant to the question of whether [the plaintiff] was terminated for [unlawful] reasons … [and] the probative value of the testimony was so 'substantially outweighed by the danger of unfair prejudice' that it definitely should have been excluded by the district court in accord with Fed. R. Evid. 403." *Id.* Continuing, the Court of Appeals explained that "'even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age.'" *Id.*

<u>REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL</u>

Accordingly, Plaintiff should be precluded from offering any testimony (whether from herself or from the *Wilson* Action Plaintiffs) concerning any events that transpired in the remote past and/or which are time-barred.

**I.     Plaintiff is Not Entitled To A Jury Determination Of Front and Back Pay And Any Purported Evidence Of Lost Pay Should Be Excluded From The Jury**

It is well settled that claims of unlawful discrimination under federal discrimination laws seeking back pay and front pay in federal court are equitable in nature and do not confer on the plaintiff a Seventh Amendment right to a jury trial. *See Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005). There is also no right to a jury trial to determine an award of front and back pay under the New York City Human Rights Law. *Thomas v. iStar Fin., Inc.,* 629 F.3d 276 (2d Cir. 2010); Transcript of Hearing on Plaintiff's Motion to Exclude at 40, *Sanders v. Madison Square Garden, L.P.*, No. 06 Civ. 589 (S.D.N.Y. Sept. 4, 2007); *Roberta C. Tse v. UBS Fin. Servs. Inc.*, 568 F. Supp. 2d 274, 296 (S.D.N.Y. 2008). Thus, no purported proof of lost pay should be presented at trial for the jury's consideration.

**J.     Inadmissible Character Evidence Concerning Pasquale Marino Should be Excluded**

Plaintiff should be precluded from offering inadmissible character evidence concerning alleged drug use and alleged infidelity because Fed. R. Evid. 404(a)(1) precludes the use of character evidence to "prove that on a particular occasion the person acted in accordance with the character or trait." Here, Plaintiff would like to offer evidence concerning rumors of alleged marital infidelity and/or consensual relationships as well as testimony concerning illicit drug use. (*See, e.g.,* Uddin Tr. 10-12, 14-17; Synyuk, Tr. 48) (concerning alleged use of Marijuana/ Hashish or other illicit drugs); (*See, e.g.,* Synyuk Tr. 119) (testimony suggesting possible marital infidelity or marital issues between Defendant Marino and his wife.) Likewise, Plaintiff would like to offer testimony – based entirely on hearsay – that Defendant Marino had a consensual

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

adult relationship with another individual, Ms. Odegova.  (*See, e.g.,* Pl. Tr. 55-56) (stating that she never heard any admission from Defendant Marino, never observed the two of them kissing or holding hands, but that "everybody knew" and merely speculated this rumor was accurate because she observed Defendant Marino giving Ms. Odegova money); (*See, e.g.,* Pl. Tr. 58-60). (That Plaintiff was told about employees living at an apartment owned by Pasquale Marino, and that this suggested the existence of an inappropriate relationship.); (*See, e.g.,* Pl. Tr. 262, 263) (That Defendant Marino's wife informed Plaintiff that she was aware Defendant Marino was cheating on her and asked Plaintiff why Plaintiff told her (Defendant Marino's wife) about these infidelities.)

For all the reasons listed above, this evidence should be excluded because (1) much of it is inadmissible hearsay; (2) it is speculative in nature and not based on first-hand direct knowledge; (3) because it is entirely irrelevant to the issues in this case; (4) much of it allegedly occurred in the remotely distant past; (5) it would be inadmissible character evidence; and (6), even if considered relevant and not barred by one of the evidentiary exclusionary rules such as hearsay and improper use of character evidence, this evidence has little probative value and should be excluded under the balancing approach under Fed. R. Evid. 403, given the potential for unfair prejudice and confusion of the issues. *See, e.g.,* Fed. R. Evid. 402, 403, 404, 602, 802. *See also Laurin v. Pokoik,* No. 02 Civ. 1938 (LMM), 2005 U.S. Dist. LEXIS 20003, at *9 (S.D.N.Y. Sept. 13, 2005) (excluding evidence of unobserved consensual relationships involving alleged harasser, which occurred outside of the office, as not relevant).

**K.      Plaintiff Should Not Be Permitted To Argue That The State Court Action Is Time-Barred**

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

To avoid this obvious conclusion, Plaintiff attempts to hide behind an exception, which has no application here: the "initial publication" rule. The initial publication rule, generally concerns the re-publication of printed media (*e.g.*, the subsequent re-publication of a book containing a defamatory statement does not start the statute of limitations fresh). This is a rule of convenience – designed to avoid exposing publishers to multiple lawsuits, into perpetuity for a single defamatory act.

(3) re-published the statements with different content; and (4), most importantly, controlled the publication of the statement (unlike the concern that an initial publisher might get sued if, in an event entirely outside of the publisher's control, another individual re-publishes the defamatory statement). *See, e.g., Biro v. Condé Nast*, 963 F. Supp. 2d 255, 2013 U.S. Dist. LEXIS 108113, at *26-29 (S.D.N.Y. 2013) (the single publication rule does not apply where the "subsequent publication is intended to and actually reaches a new audience"); *Lehman v. Fox Cable Networks Inc.*, No. 07-cv-2291 (JFB) (WDW), 2009 U.S. Dist. LEXIS 75500, at *15-16 (E.D.N.Y. Aug. 25, 2009) (factors courts consider in applying

REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL

exception to single publication rule are "whether the new publication targets and actually reaches a new audience, ... whether the new publication is made on an occasion separate from the original one, whether the new publication is modified, ...and whether the defendant has *control* over the decision to republish.") (citations omitted); *Lehman v. Discovery Commc'ns, Inc.*, 332 F. Supp. 2d 534, 538-39 (E.D.N.Y. 2004) (a separate cause of action arises where the defamer subsequently republishes or reissues the statement); *Monsour v. New York State Office for Dev. Disabilities*, No. 1:13-cv-0336 (TJM) (CFH), 2014 U.S. Dist. LEXIS 31743, at *33-34 (N.D.N.Y. Mar. 12, 2014) (separate and distinct defamatory statements constitute different causes of action).   Thus, the statute of limitations had not expired when Marino filed the Defamation Action, because a new statute of limitations applied for each statement. *Martin v. Daily News, L.P.*, 35 Misc. 3d 1212(A), 2012 N.Y. Misc. LEXIS 1753 (Sup. Ct. N.Y. Cty. 2012) (the statute of limitations begins to run anew upon a subsequent publication, made on a different occasion, that intends to and actually reaches a new audience).

Accordingly, Plaintiff should be precluded from (1) making arguments concerning the statute of limitations in the state court Defamation Action and (2) arguing (based on a flawed understanding of the defamation statute of limitations) that the retaliation claim was retaliatory because it was allegedly untimely.

**L.     Plaintiff Should Be Precluded From Offering Evidence
        Concerning Any Alleged Pattern of Employee Turn-over**

Here, Plaintiff intends to offer inadmissible evidence concerning employee turnover at the restaurant.   Though Plaintiff lacks personal knowledge about the individualized circumstances of any of those departures, she suggests that the departures are part of a nebulous pattern that suggests it was Defendant Marino's practice to only retain those employees that did not rebuff his alleged advances.   This evidence is inadmissible because (1) it has limited

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

relevance; (2) it is highly prejudicial and confusing; and (3) because the evidence would be merely speculative and lacking in any foundation concerning the circumstances of this departures.

For example, in *Leopold v. Baccarat, Inc.*, the Second Circuit precluded the Plaintiff from offering testimony concerning departures of other co-workers because "[W]ithout some evidence to indicate the reason for the termination, the mere fact that people [of a particular characteristic] were terminated, absent a rather elaborate statistical analysis, would not be admissible" and because, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." 174 F.3d at 270-71. In the end, "in the absence of, at the very least, contextual facts concerning the number of employees, if any, who were terminated [with that characteristic]" the evidence had limited value and would not be admitted, given – as is the case here – the plaintiff's inability to supply those "contextual facts, much less that those facts might support [a particular conclusion]." *Id.* at 271.

**M.    That Plaintiff Should Be Precluded From Offering Testimony That She Was Threatened by Vincent Parko**

Plaintiff should be precluded from offering testimony that she was threatened by Vincent Parko, in retaliation for her protected activities, because (1) it is hearsay; (2) this alleged occurrence is inconsistent with her Complaint, and not mentioned in her Interrogatory Responses; and (3) it is alleged, for the first time, in Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

As noted above, Plaintiff alleges, for the first time, in her Opposition to Defendants' Motion for Summary Judgment that a Vincent Parko told Plaintiff and, separately, that Plaintiff heard from her husband that Parko told the husband that the Defamation Action was retaliatory

24

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

in nature.  The new allegations regarding Parko, proffered through affidavits of Plaintiff and her husband, contain inadmissible hearsay and lack any foundation for imputing the purported statements to Marino.   See, e.g., *Major League Baseball Props. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) ("[H]earsay testimony . . . that would not be admissible if testified to at the trial may not properly be set forth in [the Rule 56(e)] affidavit."); *Jenkins v. Winter*, 540 F.3d 742, 748 (8th Cir. 2008) ("When an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment.").  Further, the new allegations are inconsistent with Plaintiff's Complaint and must be disregarded.  See *Rojas v. Roman Catholic Diocese of Rochester*, 783 F. Supp. 2d 381, 407 (W.D.N.Y. 2010), aff'd, 660 F.3d 98, 105 (2d Cir. 2011) ("These new allegations, directly contradicted by her prior sworn statements and judicial admissions, were properly rejected by the District Court after a careful consideration of the record before it.") (citation omitted).

## IV. CONCLUSION

For all of the above reasons, the Defendants request that Plaintiff's purported proof be excluded in substantial respect, so that only admissible proof relevant to her timely claims, and which is not outweighed by the balancing factors under Fed. R. Evid. 403, are received into evidence.  Defendants reserve their right to move at trial to preclude other evidence, and to modify or renew their In Limine Motions consistent with trial proof and the Court's rulings.

Dated: New York, New York
          April 4, 2014

                                                      Respectfully submitted,

                                                      EPSTEIN BECKER & GREEN, P.C.

                                                      By:      /s/ Brian G. Cesaratto
                                                               Brian G. Cesaratto

**REDACTED COPY ECF FILED - FULL UN-REDACTED COPY FILED UNDER SEAL**

Evan J. Spelfogel
Ian G. Nanos
250 Park Avenue
New York, New York 10177
(212) 351-4500
*Attorneys for Defendants*