UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TATIANA MIRONOVA,

                            Plaintiff,

                   - v. -

PASQUALE'S DAMARINO'S, INC., individually and
d/b/a DA MARINO RISTORANTE ITALIANO,
PASQUALE MARINO, individually, and PETER
ROSSIGNUOLO, individually,

                            Defendants

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: 13 CV 1663

**DEFENDANTS' PROPOSED
JURY INSTRUCTIONS**

Defendants, the Pasquale's DaMarino's Inc., Pasquale DaMarino and Peter Rossignuolo
"Defendants"), by their attorneys, Epstein Becker & Green, P.C., hereby submit proposed jury
instructions. Defendants respectfully request leave to submit revised or additional requests based
upon the evidence actually adduced at trial and that otherwise conform with any rulings of law
the Court may render prior to or during the course of these proceedings, including in connection
with Defendants' pending motion for summary judgment.

Dated: New York, New York
      April 4, 2014

                         EPSTEIN BECKER & GREEN, P.C.

                By:    /s/ Brian G. Cesarattto
                        BRIAN G. CESARATTO
                        EVAN J. SPELFOGEL, and
                        IAN G. NANOS
                        250 Park Avenue
                        New York, New York 10177
                        Tel:   (212) 351-4500
                        Fax:   (212) 661-0989

## TABLE OF CONTENTS

**Page(s)**

Proposed Jury Instruction No. 1: (Introduction) ............................................................... 1

Proposed Jury Instruction No. 2: (Impartiality) ............................................................... 2

Proposed Jury Instruction No. 3: (Jury Function) ............................................................ 3

Proposed Jury Instruction No. 4: (Court's Function) ........................................................ 5

Proposed Jury Instruction No. 5: (Summary of Plaintiff's Claims) ................................. 7

Proposed Jury Instruction No. 6: (Burden of Proof - Preponderance of the Evidence) ................. 8

Proposed Jury Instruction No. 7: (Burden of Proof: Evidence) ....................................... 10

Proposed Jury Instruction No. 8: (No Inference of Discrimination – Plaintiff's
Race or National Origin) .................................................................................................. 12

Proposed Jury Instruction No. 9: (Evidence) ................................................................... 13

Proposed Jury Instruction No. 10: (Evidence of Discrimination –
Consideration of Remarks) ............................................................................................... 14

Proposed Jury Instruction No. 11: (Employer's Business Judgment) .............................. 16

Proposed Jury Instruction No. 12: (No Inference of Discrimination
– Friendship, Favoritism) ................................................................................................. 17

Proposed Jury Instruction No. 13: (The Causes of Action at Issue in this Case) ............ 18

Proposed Jury Instruction No. 14: (Race Discrimination Claims Under Section
1981/ NYSHRL/ NYCHRL – as to Defendants DaMarino's and Pasquale Marino) ............. 19

Proposed Jury Instruction No. 15: (Race Claims Under Section 1981,
NYSHRL and NYCHRL – Plaintiff's Prima Facie Case) ................................................. 21

Proposed Jury Instruction No. 16: (Race Claims Under Section 1981,
NYSHRL and NYCHRL – Plaintiff's Ultimate Burden of Proof) .................................. 23

Proposed Jury Instruction No. 17: (Sex Discrimination Claims Under
NYSHRL/ NYCHRL as to Defendants DaMarino's and Pasquale Marino) .................... 25

Proposed Jury Instruction No. 18: (NYCHRL and NYSHRL Hostile Work
Environment - Prima Facie Case – as to DaMarino's and Pasquale Marino) ................. 27

Proposed Jury Instruction No. 19: (NYCHRL and NYSHRL Hostile Work
Environment – "Severe and Pervasive" Requirement – as to DaMarino's and
Pasquale Marino) .............................................................................................................. 28

Proposed Jury Instruction No. 20:  (NYCHRL and NYSHRL Hostile Work
Environment - "Objective and Subjective" Requirement – as to DaMarino's
and Pasquale Marino) ............................................................................................ 30

Proposed Jury Instruction No. 21:  (Hostile Work Environment Under The
NYCHRL - "Treated Less Well" Requirement/Liability for Supervisor Acts –
as to DaMarino's and Pasquale Marino)............................................................... 31

Proposed Jury Instruction No. 22:  (Sex Discrimination Claims Under the NYSHRL
and NYCHRL – Plaintiff's Prima Facie Case – as to Pasquale Marino and DaMarino's) .......... 32

Proposed Jury Instruction No. 23:  (Sex Claims Under the NYSHRL and
NYCHRL – Plaintiff's Ultimate Burden of Proof)................................................. 34

Proposed Jury Instruction No. 24:  (Retaliation Claim: Plaintiff's Ultimate Burden of
Proof – as to Pasquale Marino)............................................................................ 36

Proposed Jury Instruction No. 25:  (Protected Activity)................................................. 37

Proposed Jury Instruction No. 26:  (Retaliation Claims Under The NYCHRL -
"Reasonably Likely" To  Deter A Person From Protected Activity Standard –
as to Pasquale Marino)......................................................................................... 38

Proposed Jury Instruction No. 27:  (Retaliation – Plaintiff's Burden of Proof) ........................... 39

Proposed Jury Instruction No. 28:  (Insufficiency of Subjective Beliefs) ..................................... 42

Proposed Jury Instruction No. 29:  ("Adverse Action" Requirement) ........................................ 43

Proposed Jury Instruction No. 30:  (Proof of Pretext) .............................................................. 44

Proposed Jury Instruction No. 31:  (Plaintiff's Ultimate Burden of Proof –
Disparate Treatment) ........................................................................................... 46

Proposed Jury Instruction No. 32:  (Motivating Factor)............................................................ 47

Proposed Jury Instruction No. 33:  (Insufficiency of Subjective Beliefs) ..................................... 48

Proposed Jury Instruction No. 34:  (Individual Defendants – Requirement of Personal
Involvement) ........................................................................................................ 49

Proposed Jury Instruction No. 35:  (Employment-At-Will) ....................................................... 50

Proposed Jury Instruction No. 36:  (Damages - Generally)........................................................ 51

Proposed Jury Instruction No. 37:  (Damages Must Be Reasonable and Not Speculative) ......... 52

Proposed Jury Instruction No. 38:  (Damages Based on Evidence - All Claims) ....................... 53

FIRM:24914631v1

Proposed Jury Instruction No. 39:  (Emotional Distress - All Claims) ........................................ 54

Proposed Jury Instruction No. 40:  (Unanimous Verdict) ............................................................. 56

Proposed Jury Instruction No. 41:  (Damages Based on Evidence - All Claims) ........................ 57

Proposed Jury Instruction No. 42:  (Duplicative Damages) .......................................................... 58

Proposed Jury Instruction No. 43:  (Backpay) .............................................................................. 59

Proposed Jury Instruction No. 44:  (Front pay) ............................................................................ 60

Proposed Jury Instruction No. 45:  (Mitigation of Damages) ....................................................... 62

Proposed Jury Instruction No. 46:  (Punitive Damages) ............................................................... 63

Proposed Jury Instruction No. 47:  (Amount of Punitive Damages) ............................................ 65

Proposed Jury Instruction No. 48:  (Witness Credibility) ............................................................ 66

Proposed Jury Instruction No. 49:  (Interested Witnesses) ........................................................... 68

Proposed Jury Instruction No. 50:  (Missing Witnesses – No Inference) ..................................... 69

Proposed Jury Instruction No. 51:  (Impeachment/Perjury) ......................................................... 70

Proposed Jury Instruction No. 52:  (Sympathy) ............................................................................ 71

Proposed Jury Instruction No. 53:  (Corporate Parties) ............................................................... 72

FIRM:24914631v1

### Proposed Jury Instruction No. 1:

### (Introduction)

Members of the jury, we come now to that portion of the trial where you are instructed on the law applicable to this case and then retire for your final deliberations. You have now heard all the evidence introduced by the parties and through arguments of their attorneys you have learned the conclusions that each party believes should be drawn from the evidence presented to you. This charge is divided into two parts - the first part consists of general principles of law that are applicable to all civil cases; the second part consists of charges directed specifically to the law you must follow in this case.

Source:        1A N.Y. Pattern Jury Instructions 1:35 (3d ed. 1996).


Proposed Jury Instruction No. 1:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
        United States District Court Judge

## Proposed Jury Instruction No. 2:

### (Impartiality)

You are to perform your duty of finding the facts without bias or prejudice as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. Therefore, do not be guided by anything other than clear thinking and calm analysis of the evidence.

Source:      3A Hon. Edward J. Devitt et al, Federal Jury Practice and Instructions. § 71.01 (4th ed. 1987 & Supp. 2000), as modified.

Proposed Jury Instruction No. 2

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

2

## Proposed Jury Instruction No. 3:

### (Jury Function)

Your duty is to decide the factual issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, in their closing arguments, in their objections or in their questions is evidence. Nor is anything I have said at any time during the trial of this case evidence.

The evidence before you consists of just three [or four] things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, any stipulations of the parties that were received in evidence and, [if applicable], any facts and events which have been judicially noticed. One comment about judicial notice, the Court may take judicial notice of certain facts or events. When the Court declares that it will take judicial notice of some fact or event, you must, unless instructed otherwise, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you, therefore, should disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard

3

or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you not to draw any inferences from my rulings or based on the fact that, on occasion, I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are to expressly understand that I have no opinion as to the verdict you should render in this case.

Source:      Federal Jury Practice and Instructions, §§ 70.01 and 71.08, as modified.

Proposed Jury Instruction No. 3:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

4

**Proposed Jury Instruction No. 4:**

**(Court's Function)**

Members of the jury, my charge to you on the law is lengthy and covers many points. You must listen closely. We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the closing arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you on the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may or ought to be, it is your sworn duty to follow the law as I give it to you. If any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Nothing I say during these instructions is to be taken as an indication that I have an opinion about the facts of the case, or what that opinion is. Any comments made by me during the trial or during these instructions that may be perceived as an expression of my opinion as to the facts should be disregarded by you. It is not my function to determine the facts, but rather it is your function to do so.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to my instructions now and in reviewing them later, you should not single out any particular instruction alone as stating the law, but you should instead consider the instructions as a whole.

FIRM:24914631v1

Source:      5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions, Inst. 71-2
             (1997), as modified; Federal Jury Practice and Instructions, §§ 70.06 and 71.01,
             as modified.


Proposed Jury Instruction No. 4:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                                        _____
                                             United States District Court Judge

6

**<u>Proposed Jury Instruction No. 5:</u>**

**(Summary of Plaintiff's Claims)**

In this case, Tatiana Mironova, a former employee of DaMarino's, asserts claims for employment discrimination on the basis of her race , in violation of Section 1981 of Title 42 of the United States Code ("Section 1981"), for sexual harassment in violation of the New York Executive Law § 296 (the "NYSHRL") and the Administrative Code of the City of New York § 8-107 et seq. (the "NYCHRL") and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), NYSHRL and the NYCHRL. Specifically, she alleges that she was subject to a hostile working environment, sexually harassed and retaliated against for complaining about harassment and participating as a witness on behalf of former co-workers.

Plaintiff seeks compensatory and punitive damages and equitable relief pursuant to Title VII, Section 1981, the NYSHRL and the NYCHRL.

Pasquale Marino, Peter Rossignuolo and Damarino's vigorously deny the allegations and contend that Ms. Mironova was not subject to any inappropriate discriminatory, retaliatory, hostile or inappropriate conduct at any time.


Source:       Complaint; Answer to Complaint.


Proposed Jury Instruction No. 5:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

**Proposed Jury Instruction No. 6:**

**(Burden of Proof - Preponderance of the Evidence)**

Plaintiff has the burden of proof in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of any of her claims by a preponderance of the evidence, you should find for Pasquale Marino, Peter Rossignuolo and Damarino's as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, it has more convincing force. This standard does not require proof to an absolute certainty, however, since proof to an absolute certainty is seldom possible in any case. Plaintiff has the burden to establish and enough evidence to produces in your minds a belief that what she alleges is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," of "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the position is more probably true than not.

Source:     O'Malley, Federal Jury Practice and Instructions (hereafter "O'Malley"), Vol. 3, §§ 104.01, 104.04.

8

Proposed Jury Instruction No. 6:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

## Proposed Jury Instruction No. 7:

### (Burden of Proof: Evidence)

In deciding whether a party meets his burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that testimony is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of the fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guesswork; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

| Source | St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Fisher v. Vassar Coll., 114 F.3d 1332 (2d Cir. 1997); Wanamaker v. Columbia Rope Co., 108 F.3d 462 (2d Cir. 1997); Barber v. CSX Distrib. Servs., 68 F.3d 694 (3d Cir. 1995). |
|---|---|

FIRM:24914631v1

Proposed Jury Instruction No. 7:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

11

## <u>Proposed Jury Instruction No. 8:</u>

### (No Inference of Discrimination – Plaintiff's Race or National Origin)

You may not infer national origin discrimination from the mere fact that Plaintiff was born in Russia.  Plaintiff must prove that she was treated differently because of her race or national origin, not because of any other reason, good or bad.

<u>Source:</u>       <u>Yusuf v. Vassar Coll.</u>, 35 F.3d 709, 714 (2d Cir. 1994);
               <u>Gregory v. Daly</u>, 243 F.3d 687, 691-92 (2d Cir. 2001)

Proposed Jury Instruction No. 8:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                                    _____
                                    United States District Court Judge

**Proposed Jury Instruction No. 9:**

**(Evidence)**

You are to consider only the evidence in the case, but in your consideration of the evidence, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.  Inferences are not, however, guesswork made without a reasonable basis in the evidence.

Source        Federal Jury Practice and Instructions, § 72.04 (as modified).


Proposed Jury Instruction No. 9:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

13

**Proposed Jury Instruction No. 10:**

**(Evidence of Discrimination – Consideration of Remarks)**

Mere references to a person's race or national origin or stray remarks about these characteristics are not evidence of race or national origin discrimination.  Such questions or statements must be reviewed by you in the context in which they were made.

In determining whether such statements "prove" discrimination, you may consider: (1) who made the remark, i.e., a decision-maker or non-decision-maker, a supervisor, or a low-level employee; (2) when the remark was made in relation to the employment decision in issue; (3) the content of the remark, i.e., whether a reasonable juror could view the remark as discriminatory or retaliatory; and (4) the context in which the remark was made, i.e. whether it was related to the decision-making process.  You may also consider whether the statements were made about Plaintiff or directed against Plaintiff.  These are all factors which you may consider in deciding what "weight" or importance you will attach to these statements.  Ultimately, it is your decision whether these statements have any significance at all.

Further, I instruct you that isolated, sporadic remarks about a person's national origin, or race – even derogatory remarks or remarks made in poor taste – are not alone enough to sustain Plaintiff's burden of proof in this case to prove that employment actions were taken against her because of her national origin or race.

Source:     *Henry v. Wyeth Pharms. Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) (*Cert.* denied;131 S. Ct. 1602 (2011); *O'Connor v. Viacom, Inc./Viacom Int'l Inc.*, 104 F.3d 356 (2d Cir. 1996); *Danzer v. Norden Sys, Inc.*, 151 F.3d 50, 56 (2d Cir. 1998); *Spence v. Maryland Cas. Co.*, 803 F. Supp. 649, 667-68 (W.D.N.Y. 1992), aff'd, 995 F.2d 1147 (2d Cir. 1993); *Donaldson v. Merrill Lynch & Co.*, 794 F. Supp. 498, 505 (S.D.N.Y. 1992); *Parker v. Sheeham Mem. Emergency Hosp.*, at *5-7 No. Civ.-81-138E, WL 1987 (W.D.N.Y. Aug. 10, 1987); *Tebbenhoff v. Electronic Data Sys. Corp.*, No. 02 CV 2932 2005 WL 3182952, 15646, at *2 (S.D.N.Y. Nov. 29, 2005), aff'd 244 F. App'x 382 (2d Cir. 2007).

14

Proposed Jury Instruction No. 10:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

### Proposed Jury Instruction No. 11:

### (Employer's Business Judgment)

Damarino's business decisions as Plaintiff's employer are entitled to significant deference.  The law does not authorize the courts or a jury to substitute their own judgment for an employer's business decisions. In other words, the law does not permit a Plaintiff to prevail merely because you do not agree with the employer's decision or think the decision was unfair, unjust or a mistake. The question is not whether the employer's methods were sound, or its judgments the best ones or the right ones or the fair ones, or whether you would have done the same thing if you were in the employer's shoes at the time.

The only issue before you is whether Damarino's had an unlawful motive (Sex discrimination, Race discrimination, unlawful retaliation) in taking the actions about which Plaintiff complaints; not whether Damarino's made the correct decision. While an employer's judgment may appear wrong to outsiders, the only question you may answer is whether Damarino's given reasons for their actions were a pretext for intentional and unlawful discrimination and retaliation.  Thus, the focus of deliberations must be on whether Damarino's had an unlawful motive, and not on its business judgment.

Source:     Towles v. Textron Lycoming, 112 F.3d 505 (2d Cir. 1997); Thornley v. Penton Publ'g Inc., 104 F.3d 26 (2d Cir. 1997); Beauchat v. Mineta, No. 03 CIV 3196 (DRH) (ETB), 2006 WL 2711608 (E.D.N.Y. Sept. 21, 2006), aff'd, 257 F. App'x 463 (2d Cir. 2007).

Proposed Jury Instruction No. 11:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

16

**<u>Proposed Jury Instruction No. 12</u>:**

**(No Inference of Discrimination – Friendship, Favoritism,
Personality Clash or a Preference to Work with a Specific Person**)

Decisions that are the result of friendship or favoritism, a personality clash or a

preference to work with a specific person - not premised on or motivated by considerations of

unlawful discrimination - are not unlawful.

<u>Source</u>:  St. Mary's Honor Ctr v. Hicks, 509 U.S. 502 (1993); Fisher v. Vassar Coll., 114
F.3d 1332, 1338 (2d Cir. 1997); Krulik v. Board of Educ., 781 F.2d 15, 21 (2d Cir.
1986); Younger v. Henderson, No. 00 Civ. 9491, 2001 WL 1543811, at *2
(S.D.N.Y. Dec. 3, 2001); Harris v. New York City Dep't of Homeless Servs., No.
97 Civ. 0432, 1998 WL 205334 at *7 (S.D.N.Y. Apr. 28, 1998), aff'd mem., 181
F.3d 82 (2d Cir. 1999); Rivera v. National Westminster Bank, 801 F. Supp. 1123,
1133 n.13 (S.D.N.Y. 1992).

Proposed Jury Instruction No. 12:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

            _____
             United States District Court Judge

17

## Proposed Jury Instruction No. 13:

### (The Causes of Action at Issue in this Case)

I will now explain to you each of the elements that Plaintiff must prove for cause of action.

If you find that each element of Plaintiff's cause of action has been proved by Plaintiff by a preponderance of the evidence against each of the Defendants, Pasquale Marino, Peter Rossignuolo and Damarino's, your verdict should be for Plaintiff and against Pasquale Marino, Peter Rossignuolo and Damarino's on that cause of action.  On the other hand, if Plaintiff has not carried her burden of proof with respect to any one of the essential elements of her cause of action, your verdict must be for Pasquale Marino, Peter Rossignuolo and Damarino's.

Source: O'Malley, Vol. 3, § 104.01; Vol. 3C, § 170.20 (adapted); American Bar Association, Section of Litigation, Employment and Labor Relations Law Committee, Employment Litigation Model Jury Instructions, 2005 ed., (hereinafter "Employment Litigation Model Jury Instructions"), § 1.02[1] (adapted).

Proposed Jury Instruction No. 13:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

**Proposed Jury Instruction No. 14:**

**(Race Discrimination Claims Under Section 1981/ NYSHRL/ NYCHRL – as to Defendants DaMarino's and Pasquale Marino)**

Plaintiff asserts race discrimination claims under Section 1981, the NYSHRL and the NYCHRL against Defendants DaMarino's and Pasquale Marino.  These laws make it unlawful for an employer to intentionally discriminate against an employee on the basis of the employee's race.

(1)     Race Discrimination Under Section 1981 – as to Pasquale Marino

Section 1981 provides in pertinent part that "all persons... shall have the same right ... to make and enforce contracts... includ[ing] the making, performance, modification, and termination of all benefits, privileges, terms, and conditions of the contractual relationship."

(2)     Race Discrimination Under NYSHRL – as to DaMarino's and Pasquale Marino

The NYSHRL provides in pertinent part that "it shall be an unlawful discriminatory practice... for an employer... because of an individual's... race... to refuse to hire or employ ... such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

(3)     Race Discrimination Under NYCHRL – as to DaMarino's and Pasquale Marino

The NYCHRL provides in pertinent part that "It shall be an unlawful discriminatory practice for an employer. . . because of the actual or perceived . . . race . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

To establish her claims of race discrimination against Defendants DaMarino's and Pasquale Marino, Plaintiff has the burden of proving by a preponderance of the evidence that

19

Defendants had a discriminatory purpose or motive in that their actions were, more likely than not, motivated by Plaintiff's race; that is, Plaintiff must prove that her race was a motivating factor in Defendants' conduct.

Source:     McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001); Tarshis v. Riese Org., 211 F.3d 30, 36 (2d Cir. 2000); Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 n.1 (2d Cir. 2000); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994); see N.Y. Pattern Jury Instruction, § 9:1; 42 U.S.C. § 2000e-2(a); O'Malley, Vol. 3C, § 170.20 (adapted); Employment Litigation Model Jury Instructions, § 1.02 (adapted).

Proposed Jury Instruction No. 14:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                                            _____
                                            United States District Court Judge

**Proposed Jury Instruction No. 15:**

**(Race Claims Under Section 1981, NYSHRL
and NYCHRL – Plaintiff's Prima Facie Case)**

Plaintiff alleges that Defendants unlawfully harassed and discriminated against Plaintiff on account of her race.  To prevail on this theory, i.e., to make out her prima facie case of discrimination under Section 1981, the NYSHRL and the NYCHRL, Plaintiff has the burden to prove by a preponderance of the evidence that her race actually motivated the employer's decisions.  Plaintiff's protected status was a motivating factor if you conclude that it made a difference in Defendant's conduct, even though other factors may have also influenced the decision.

Specifically, Plaintiff must prove all of the following elements: (1) that she belongs in a protected class; (2) that she satisfactorily performed the duties of her position; (3) that there was an adverse employment decision; and (4) that the adverse employment decision occurred under circumstances giving rise to an inference of discrimination.

In determining whether Plaintiff has proven her prima facie case, Plaintiff must first prove that she belongs to a protected class.  Second, she must establish that she was qualified for the position.  Third, Plaintiff must prove that she suffered an adverse employment action.  Fourth, Plaintiff must prove that she was treated differently than persons outside of her race under circumstances that give rise to an inference that the differential treatment was motivated by her race.

In order to move beyond this stage in your deliberations, you must find that Plaintiff has introduced sufficient and credible evidence to support each element of her prima facie case, including the existence of circumstances that permit an inference of race discrimination.

21

If you believe that Plaintiff failed to prove any of these essential elements with regard to her race discrimination claim, then that is the end.  You must return a verdict in favor of the Defendants on her claim of discrimination.

Source:  O'Malley, Vol. 3C, §§ 170.20, 170.22 (adapted); Employment Litigation Model Jury Instructions, §§ 1.02, 1.02[3] (adapted); Gordon v. N.Y.C. Bd. Of Educ., 232 F.3d 111, 117 (2d Cir. 2000); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141-43, 153-54 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 514-17, (1993); Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 156-7 (2d Cir. 2010), cert. denied, 131 S. Ct. 1602 (2011); Meiri v. Dacon, 759 F.2d 989 (2d Cir. 1985); Gutierrez v. City of New York, 756 F. Supp. 2d 491, 502 n.3 (S.D.N.Y. 2010); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001); Tarshis v. Riese Org., 211 F.3d 30, 36 (2d Cir. 2000); Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 n.1 (2d Cir. 2000); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994); Alfano v. Costello, 294 F.3d 365, 373-374 (2d Cir. 2002); Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229 (2d Cir. 2007) Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006) (quoting Harris v. Forklift Svs. Inc., 510 U.S. 17, 21 (1993)); Weiss v. Hustedt Chevrolet, No. Civ. A. 05-4230, 2009 WL 2132444 (E.D.N.Y. July 13, 2009); Oncale v. Sundowner Offshore Servs. Inc., 523 U.S. 75, 81 (1998). See N.Y. Pattern Jury Instruction, § 9:1.

Proposed Jury Instruction No. 15:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

**Proposed Jury Instruction No. 16:**

**(Race Claims Under Section 1981, NYSHRL and
NYCHRL – Plaintiff's Ultimate Burden of Proof)**

In order for Plaintiff to prove that she suffered an adverse employment action as the result of disparate treatment based on her race, she must satisfy each element of a prima facie case of race discrimination. If you find that all four of the applicable elements have been proved by a preponderance of the evidence with respect to Plaintiff's claim, however, your work is not complete. Defendants have the opportunity to rebut Plaintiff's prima facie case as I will explain.

Next, you must move forward and consider whether Defendants have stated (not proven) a legitimate non-discriminatory reason for its conduct. In other words, you must consider the explanations offered by the Defendants. And Defendants, if they choose, may rely on more than one reason for their actions. Defendants do not have to prove – and it is not up to you to decide – whether they made the "right" decision. Defendants do not have to convince you that the reasons are true and good. Defendants do not have to convince you that the reason was "fair" or "nice." It simply must be a reason that had nothing to do with Plaintiff's race.

The law entitles the Defendants to manage their workforce in any way they deem appropriate, as long as its decision was not motivated by Plaintiff's race. Thus, it is not up to you to decide whether Defendants treated Plaintiff fairly or unfairly. The sole issue is whether the Defendants have come forward with some non-discriminatory reason for their employment decisions concerning the Plaintiff.

Following Defendants' evidence explaining its legitimate non-retaliatory reasons for Plaintiff's treatment, the burden shifts back to the Plaintiff – she still has to prove to you that the reason the Defendants gave you was false and that Plaintiff's race, more likely than not, was the actual reason for Defendants' conduct.

FIRM:24914631v1

If you find that Plaintiff has not persuaded you that Defendants' reason was false and that race was the real reason, you need not deliberate any further concerning that claim, and you must find in favor of the Defendants.  If you find Plaintiff has persuaded you with respect to her claim for discrimination because of her race, you may find in favor of Plaintiff's discrimination claim under discrimination under Section 1981, the NYSHRL and the NYCHRL.

Source           McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-01 (1973); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-253 (1981); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993); Chambers v. Trm Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994); McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998); Minott v. Port Auth. of N.Y., 116 F. Supp. 2d 513, 519 (S.D.N.Y. 2000).

Proposed Jury Instruction No. 16:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                                          _____
                                            United States District Court Judge

FIRM:24914631v1

<u>Proposed Jury Instruction No. 17:</u>

**(Sex Discrimination Claims Under NYSHRL/ NYCHRL as to Defendants DaMarino's and Pasquale Marino)**

Plaintiff asserts sex discrimination claims under the NYSHRL and the NYCHRL.  These laws make it unlawful for an employer to intentionally discriminate against an employee on the basis of the employee's sex (here, female).

    (1)    Sex Discrimination Under NYSHRL – as to DaMarino's and Pasquale Marino

The NYSHRL provides in pertinent part that "it shall be an unlawful discriminatory practice… for an employer… because of an individual's… sex… to refuse to hire or employ … such individual or to discriminate against such individual in compensation  or in terms, conditions or privileges of employment."

    (2)    Sex Discrimination Under NYCHRL – as to DaMarino's and Pasquale Marino

The NYCHRL provides in pertinent part that "It shall be an unlawful discriminatory practice for an employer. . . because of the actual or perceived . . . sex . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

To establish her claims of sex discrimination against Defendants, Plaintiff has the burden of proving by a preponderance of the evidence that Defendants DaMarino's and Pasquale Marino had a discriminatory purpose or motive in that their actions were, more likely than not, motivated by Plaintiff's sex; that is, Plaintiff must prove that her sex was a motivating factor in Defendants's conduct.

<u>Source:</u>    <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Farias v. Instructional Sys., Inc.</u>, 259 F.3d 91, 98 (2d Cir. 2001); <u>Tarshis v. Riese Org.</u>, 211 F.3d 30, 36 (2d Cir. 2000); <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560, 565 n.1 (2d

FIRM:24914631v1

Cir. 2000); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994); see N.Y. Pattern Jury Instruction, § 9:1; 42 U.S.C. § 2000e-2(a); O'Malley, Vol. 3C, § 170.20 (adapted); Employment Litigation Model Jury Instructions, § 1.02 (adapted).

Proposed Jury Instruction No. 17:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

<u>**Proposed Jury Instruction No. 18:**</u>

**(NYCHRL and NYSHRL Hostile Work Environment - Prima Facie Case – as to DaMarino's and Pasquale Marino)**

Plaintiff alleges that Defendants violated the NYSHRL (as to DaMarino's and Pasquale Marino) and NYCHRL (DaMarino's and Pasquale Marino) by creating and maintaining a hostile work environment on the basis of Plaintiff's sex.   To prevail on this theory under these state and city laws, Plaintiff must produce evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult to her as a reasonable person, that was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.  These statutes are not meant to be general civility codes.

To make out a prima facie case of hostile work environment, Plaintiff must establish all of the following:

(1)   she was subjected to harassment because of her sex,
(2)   the harassment was so severe as to unreasonably alter the terms and conditions of her employment and create an objectively hostile environment,
(3)   that she subjectively perceived the work environment to be abusive, and
(4)   there is a basis for imputing the harassing conduct to the employer.

<u>Source</u>:       <u>Alfano v. Costello</u>, 294 F.3d 365, 373-374 (2d Cir. 2002); <u>Kassner v. 2nd Avenue Delicatessen, Inc.</u>, 496 F.3d 229 (2d Cir. 2007) <u>Demoret v. Zegarelli</u>, 451 F.3d 140, 149 (2d Cir. 2006) (quoting <u>Harris v. Forklift Svs. Inc.</u>, 510 U.S. 17, 21 (1993)); <u>Weiss v. Hustedt Chevrolet</u>, No. Civ. A. 05-4230, 2009 WL 2132444 (E.D.N.Y. July 13, 2009); <u>Oncale v. Sundowner Offshore Servs. Inc.</u>, 523 U.S. 75, 81 (1998); Russo v. New York Presbyterian Hosp., No. 09-CV-5334 (MKB), 2013 U.S. Dist. LEXIS 135676, at *53 (E.D.N.Y. Sept. 23, 2013).

Proposed Jury Instruction No. 18:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

**Proposed Jury Instruction No. 19:**

**(NYCHRL and NYSHRL Hostile Work Environment – "Severe and Pervasive"
Requirement – as to DaMarino's and Pasquale Marino)**

In determining whether allegations of abusive conduct are sufficient to meet the threshold for an objectively hostile environment, you must examine the totality of the circumstances, including (1) the frequency of the discriminatory conduct, (2) its severity, (3) whether it is physically threatening or humiliating, or merely an offensive utterance, and (4) whether the conduct would unreasonably interfere with an employee's work performance. Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. These statutes are not meant to be general civility codes.

Isolated incidents - unless very serious - are generally insufficient to demonstrate that the harassment was severe or pervasive enough to transform the conditions of employment and create a hostile work environment. In order to be actionable, the incidents of harassment must occur in concert or with a regularity such that they can reasonably be described as pervasive. Generally, incidents must be more than episodic; they must be sufficiently repeated, continuous, and concerted in order to be deemed pervasive. At the same time, there is no magic number of incidents above which harassment is actionable, and below which it is not. The touchstone of your inquiry must be whether a reasonable person could find Plaintiff's working conditions were unreasonably altered for the worse. To find a violation of the discrimination laws, the discriminatory conduct must be so extreme to amount to an unreasonable change in the terms and conditions of Plaintiff's employment.

Source:     Osborne v. Literacy Partners, Inc., No. 04 Civ. 6652, 2007 WL 2298354
            (S.D.N.Y. Aug. 9, 2007) (Batts J.); Faragher v. City of Boca Raton, 524 U.S. 775,
            788 (1998); Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006); Kotcher v.

Rosa and Sullivan Supply Ctr. Inc., 957 F.2d 59, 62 (2d Cir. 1992); Schiano v. Quality Payroll Sys. Inc., 445 F.3d 597, 600, 604-05 (2d Cir. 2006).

Proposed Jury Instruction No. 19:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

29

**Proposed Jury Instruction No. 20:**

**(NYCHRL and NYSHRL Hostile Work Environment -**
**"Objective and Subjective" Requirement – as to DaMarino's and Pasquale Marino)**

The test for establishing a hostile work environment has both an objective and subjective component. A work environment will be considered hostile only if (1) a reasonable person would have found it to be so, and (2) the Plaintiff subjectively perceived it to be so.

Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - which means an environment that a reasonable person would find hostile or abusive - is beyond the purview of these statutes. This requirement is crucial, and you must be careful not to mistake lack of civility for discriminatory conditions of employment.

The effect of the conduct on Plaintiff's subjective perception of her work environment is also relevant to determining whether the conduct at issue created a hostile work environment. Conduct, however, directed at other employees of which Plaintiff was unaware during her employment, or conduct directed at other employees that did not subjectively alter the terms and conditions of Plaintiffs employment, cannot render Plaintiff's work environment hostile as a matter of law.

Source:     Harris v. Forklift Sys., 510 U.S. 17 (1993); Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75 (1998); Liebowitz v. N.Y.C. Transit Auth., 252 F.3d 179, 182 (2d Cir. 2001).

Proposed Jury Instruction No. 20:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

**Proposed Jury Instruction No. 21:**

**(Hostile Work Environment Under The NYCHRL - "Treated Less Well"**
**Requirement/Liability for Supervisor Acts – as to DaMarino's and Pasquale Marino)**

If you decide that Plaintiff has met her burden of proof to establish all the elements of a

hostile work environment except that you find she was not subject to severe and pervasive

harassment, you may still find for the Plaintiff on her hostile work environment claims under the

New York City Human Rights Law (but not under the NYSHRL) only if you find she was

treated less well than other employees because of her sex.  If you find, however, that she neither

suffered severe and pervasive harassment, nor was treated less well because of her sex, then you

should dismiss all of her hostile work environment claims.


Source:      Williams v. N.Y.C. Hous. Auth., 61 A.D.3d 62, 78 (1st Dep't. 2009)


Proposed Jury Instruction No. 21:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

**Proposed Jury Instruction No. 22:**

**(Sex Discrimination Claims Under the NYSHRL
and NYCHRL – Plaintiff's Prima Facie Case – as to Pasquale Marino and DaMarino's)**

Plaintiff alleges that Defendants Pasquale Marino and DaMarino's unlawfully discriminated against Plaintiff on account of her sex.  To prevail on this theory, i.e., to make out her prima facie case of sex discrimination under the NYSHRL (as to Pasquale Marino and DaMarino's) and the NYCHRL (as to Pasquale Marino and DaMarino's), Plaintiff has the burden to prove by a preponderance of the evidence that her sex actually motivated the employer's decisions.  Plaintiff's protected status was a motivating factor if you conclude that it made a difference in Defendants' conduct, even though other factors may have also influenced the decision.

Specifically, Plaintiff must prove all of the following elements: (1) that she belongs in a protected class; (2) that she satisfactorily performed the duties of her position; (3) that there was an adverse employment decision; and (4) that the adverse employment decision occurred under circumstances giving rise to an inference of discrimination.

In determining whether Plaintiff has proven her prima facie case, Plaintiff must first prove that she belongs to a protected class.  Second, she must establish that she was qualified for the position.  Third, Plaintiff must prove that she suffered an adverse employment action. Fourth, Plaintiff must prove that she was treated differently than persons outside of her sex under circumstances that give rise to an inference that the differential treatment was motivated by her sex.

In order to move beyond this stage in your deliberations, you must find that Plaintiff has introduced sufficient and credible evidence to support each element of her prima facie case, including the existence of circumstances that permit an inference of sex discrimination.

FIRM:24914631v1

If you believe that Plaintiff failed to prove any of these essential elements with regard to her sex discrimination claim, then that is the end.   You must return a verdict in favor of the Defendants on her claim of discrimination.

Source:     O'Malley, Vol. 3C, §§ 170.20, 170.22 (adapted); Employment Litigation Model Jury Instructions, §§ 1.02, 1.02[3] (adapted); Gordon v. N.Y.C. Bd. Of Educ., 232 F.3d 111, 117 (2d Cir. 2000); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141-43, 153-54 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 514-17, (1993); Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 156-7 (2d Cir. 2010), cert. denied, 131 S. Ct. 1602 (2011); Meiri v. Dacon, 759 F.2d 989 (2d Cir. 1985); Gutierrez v. City of New York, 756 F. Supp. 2d 491, 502 n.3 (S.D.N.Y. 2010); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001); Tarshis v. Riese Org., 211 F.3d 30, 36 (2d Cir. 2000); Cruz v. Coach Stores, Inc., 202 F.3d 560, 565 n.1 (2d Cir. 2000); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994); Alfano v. Costello, 294 F.3d 365, 373-374 (2d Cir. 2002); Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229 (2d Cir. 2007) Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006) (quoting Harris v. Forklift Svs. Inc., 510 U.S. 17, 21 (1993)); Weiss v. Hustedt Chevrolet, No. Civ. A. 05-4230, 2009 WL 2132444 (E.D.N.Y. July 13, 2009); Oncale v. Sundowner Offshore Servs. Inc., 523 U.S. 75, 81 (1998). See N.Y. Pattern Jury Instruction, § 9:1.

Proposed Jury Instruction No. 22:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

**Proposed Jury Instruction No. 23:**

**(Sex Claims Under the NYSHRL and
NYCHRL – Plaintiff's Ultimate Burden of Proof)**

In order for Plaintiff to prove that she suffered an adverse employment action as the result of disparate treatment based on her sex, she must satisfy each element of a prima facie case of sex discrimination. If you find that all four of the applicable elements have been proved by a preponderance of the evidence with respect to Plaintiff's claim, however, your work is not complete. Defendants have the opportunity to rebut Plaintiff's prima facie case as I will explain.

Next, you must move forward and consider whether Defendants have stated (not proven) a legitimate non-discriminatory reason for its conduct. In other words, you must consider the explanations offered by the Defendants. And Defendants, if they choose, may rely on more than one reason for their actions. Defendants do not have to prove – and it is not up to you to decide – whether they made the "right" decision. Defendants do not have to convince you that the reasons are true and good. Defendants do not have to convince you that the reason was "fair" or "nice." It simply must be a reason that had nothing to do with Plaintiff's sex.

The law entitles the Defendants to manage their workforce in any way they deem appropriate, as long as its decision was not motivated by Plaintiff's sex. Thus, it is not up to you to decide whether Defendants treated Plaintiff fairly or unfairly. The sole issue is whether the Defendants have come forward with some non-discriminatory reason for their employment decisions concerning the Plaintiff.

Following Defendants' evidence explaining its legitimate non-retaliatory reasons for Plaintiff's treatment, the burden shifts back to the Plaintiff – she still has to prove to you that the reason the Defendants gave you was false and that Plaintiff's sex, more likely than not, was the actual reason for Defendants' conduct.

34

If you find that Plaintiff has not persuaded you that Defendants' reason was false and that race was the real reason, you need not deliberate any further concerning that claim, and you must find in favor of the Defendants.  If you find Plaintiff has persuaded you with respect to her claim for discrimination because of her sex, you may find in favor of Plaintiff's discrimination claim under discrimination under the NYSHRL and the NYCHRL.

Source  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-01 (1973); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-253 (1981); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993); Chambers v. Trm Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994); McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998); Minott v. Port Auth. of N.Y., 116 F. Supp. 2d 513, 519 (S.D.N.Y. 2000).

Proposed Jury Instruction No. 23:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

        _____
          United States District Court Judge

FIRM:24914631v1

**<u>Proposed Jury Instruction No. 24:</u>**

**(Retaliation Claim: Plaintiff's Ultimate Burden of Proof – as to Pasquale Marino)**

Plaintiff alleges that Pasquale Marino filed a state court lawsuit against Plaintiff in retaliation for her voicing her opposition to practices or events at Pasquale Damarino's Inc. that she perceived as harassment and discrimination.  In certain circumstances, the law protects an employee who protests about what she believes to be harassment and discrimination based on sex or race, but you must keep in mind that not all forms of protest are protected by the law. I will next instruct you on what Plaintiff must prove in order to succeed in her retaliation claim. As I do so, you should keep in mind that the burden to prove by a preponderance of the evidence that unlawful retaliation occurred remains always on the Plaintiff, and that Defendants do not have a burden to prove that there was no retaliation.

<u>Source:</u>    <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502 (1993); <u>Matima v. Celli</u>, 228 F.3d 68, 78-79 (2d Cir. 2000); <u>Wanamaker v. Columbian Rope Co.</u>, 108 F.3d 462 (2d Cir. 1997); <u>Donato v. Plainview-Old Bethpage Cent. Sch. Dist.</u>, 96 F.3d 623 (2d Cir. 1996); <u>Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons</u>, 842 F.2d 590 (2d Cir. 1988.)

Proposed Jury Instruction No. 24:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

36

### Proposed Jury Instruction No. 25:

### (Protected Activity)

In order to prove that she engaged in a protected activity, which is one of the essential elements of Plaintiff s retaliation claim, Plaintiff must demonstrate that she had a good faith, reasonable belief that Defendant had engaged in sex or race discrimination or harassment in violation of the law as I have explained it to you.

In other words, in this case, Plaintiff must prove that she had a good faith, honestly held and reasonable belief that any complained of actions actually amounted to unlawful discriminatory conduct or harassment toward her or others, and that she took action in response to oppose that activity or participate in a proceeding designed to oppose that conduct. Whether Plaintiff's stated belief that she and others were harassed or discriminated against was made in good faith, honestly held and was reasonable is determined by the totality of the circumstances. If you believe that Plaintiff made a deliberately false allegation concocted in bad faith, or a complaint about conduct that a reasonable person would not believe was unlawful race discrimination or harassment, however, then you must find that her actions in pursuing those complaints were not protected under the law and cannot support a retaliation claim.

Source:     Matima v. Celli, 228 F.3d 68, 78-79 (2d Cir. 2000); Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir. 1988); Bernier v. Morningstar, Inc., 495 F.3d 369, 375 (7th Cir. 2007).

Proposed Jury Instruction No. 25:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

37

FIRM:24914631v1

<u>**Proposed Jury Instruction No. 26:**</u>

**(Retaliation Claims Under The NYCHRL -"Reasonably Likely" To
Deter A Person From Protected Activity Standard –as to Pasquale Marino)**

If you decide that Plaintiff has met her burden of proof to establish all the elements of a

retaliation claim except that you find she was not subject to a materially adverse action, you may

find for the Plaintiff on her retaliation claims under the New York City Human Rights Law (but

not under Title VII or the NYSHRL) only if you find the actions by Defendants were reasonably

likely to deter a person from engaging in protected activity.

Source:        <u>Williams v. New York City Hous. Auth.</u>, 61 A.D.3d 62, 70-71 (1st Dep't. 2009)


Proposed Jury Instruction No. 26:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                                      _____
                                          United States District Court Judge

38

## Proposed Jury Instruction No. 27:

### (Retaliation – Plaintiff's Burden of Proof)

With respect to her claims of retaliation, Plaintiff must prove each of the following elements by a preponderance of the evidence: (1) she engaged in protected activity by making a declaration on behalf of her former co-workers, with a good faith, honestly held and reasonable belief that she had been harassed based on her sex or subject to sex discrimination in connection with her employment; (2) Defendants were aware of that protected activity; (3) Defendants took materially adverse employment action contemporaneous with or subsequent to her protected activity; and (4) a causal connection exists between her protected activity and her adverse employment action, i.e., proof that the desire to retaliate was the but-for cause of the challenged action. If you find that Plaintiff has failed to prove any of the four elements with respect to any act claimed to be retaliatory then you need not deliberate further on the retaliation claims and must return a verdict for the Defendants on all the retaliation claims.

If, however, you find that all four of the elements have been proven by the preponderance of evidence, you must consider the non-retaliatory explanation offered by Defendants as to her claim of retaliatory treatment.  That is, you must consider whether Defendants presented any legitimate, non-retaliatory reasons for its decisions with respect to that claim – namely that the State Court Defamation Lawsuit was motivated by Plaintiff's pursuit of the Criminal Action, her false allegations in the criminal action and the District Attorney's dismissal of that action. Defendants must only come forward with a legitimate non-retaliatory reason; it does not have to convince you that its reasons are true and good.  The law entitles Defendants to make decisions in any way they deem appropriate, as long as its decisions were not motivated solely by Plaintiff's protected activity in serving as a witness for the Wilson Plaintiffs.  Defendants do not have to prove – and it is not up to you to decide – whether they made the "right" decision in this

39

case. Thus, it is not up to you to decide whether Defendant Pasquale Marino were correct in their decisions concerning Plaintiff, or whether Plaintiff was treated fairly or unfairly. The sole issue is whether Defendant have come forward with some non-retaliatory reason for its decisions concerning the Plaintiff.

In proving her retaliation claim following Defendant's evidence explaining their legitimate non-retaliatory reasons for Plaintiff's treatment, the burden shifts back to the Plaintiff to prove that retaliation was a "but for" reason for the adverse action. Plaintiff has the burden of proving both that the reason given Defendant is false and that an unlawful motive was the actual reason.

If you find that Plaintiff has not persuaded you of this with respect to Plaintiff's claim of retaliation, you need not deliberate any further on the retaliation claim and you must find in favor of Defendants on this claim. If you find that Plaintiff has persuaded you of this with respect to Plaintiff's claim of retaliation, you may find in favor of Plaintiff on this claim.

Source:    Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517 (2013); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57-59 (2006); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 513-16 (1993); Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 146-9 (2d Cir. 2010) cert. denied, 131 S. Ct. 1602 (2011); Gorzynski v. Jet Blue Airways Corp., 596 F.3d 93, 110-11 (2d Cir. 2010) (ADEA); Kessler v. Westchester Cnty. Dep't of Soc. Servs., 461 F.3d 199, 205-206 (2d Cir. 2006); Gordon v. N.Y.C. Bd. Of Educ., 232 F.3d 111, 117-18 (2d Cir. 2000); Shiano v. Quality Payroll Sys. Inc., 445 F.3d 597, 608 (2d Cir. 2006); Galdieri-Ambrosini v. National Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998); Torres v. Pisano, 116 F.3d 625, 639 (2d Cir.) (1997); Wanamaker v. Colombian Rope Co., 108 F.3d 462 (2d Cir. 1997); Reed v. A.W. Lawrence & Co., 95 F.3d 1170 (2d Cir. 1996).

Proposed Jury Instruction No. 27:

Given_____
Refused_____
Given as modified_____

40

Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

<u>**Proposed Jury Instruction No. 28:**</u>

**(Insufficiency of Subjective Beliefs)**

The subjective testimony of Plaintiff to the effect that she believes that she was retaliated against cannot form a basis for finding that she was in fact retaliated against. Her opinion in this regard is just that - opinion, - and you must disregard it. It cannot substitute for evidence that Defendants intentionally retaliated against Plaintiff. The proper inquiry is not whether Plaintiff believed Defendants' conduct was retaliatory, but whether in fact, her protected activity was a but-for motivating factor in Defendant Pasquale Marino's decision.

Source:    Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517 (2013); Paddock v. Brockport, 418 F. Supp. 2d 288 (W.D.N.Y. 2006); Dixit v. City of N.Y. Dep't of Gen. Servs., 972 F. Supp. 730 (S.D.N.Y. 1997); York v. Mobil Oil Corp., No. 89-CV-1405, 1991 WL 53337 (N.D.N.Y. Jan. 18, 1991).

Proposed Jury Instruction No. 28:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

## **Proposed Jury Instruction No. 29:**

### **("Adverse Action" Requirement)**

Under the law, a materially adverse employment action constitutes a significant change in employment status, for the worse, such as discharge; failing to promote; reassignment with significantly different and lesser responsibilities; a demotion causing a significant reduction in compensation or benefits.  Reassignment to a somewhat less convenient or even less desirable job is insufficient; a poor performance review, increased criticism, reprimands, threats of disciplinary action and even a demotion are insufficient without a significant reduction in pay, benefits, duties or prestige.  An employment action which merely bruises Plaintiff's ego is not enough.

| | |
|---|---|
| Source: | Sanders v. N.Y.C. Human Res. Admin., 361 F.3d 749, 755-6 (2d Cir. 2004); Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997); Davis v. City Univ. of N.Y., No. 94 Civ. 7277, 1996 WL 243256, at *8 (S.D.N.Y. May 9, 1996); McKenney v. N.Y.C. Off-Track Betting Corp., 903 F. Supp. 619, 623 (S.D.N.Y. 1995); Medwid v. Baker, 752 F. Supp. 125, 136 (S.D.N.Y. 1990); McArdle v. Arms Acres, Inc., No. 03 Civ. 05721, 2009 WL 755287, at *10 n.11 (S.D.N.Y. Mar. 23, 2009); Lucenti v. Potter, 432 F. Supp. 2d 347, 364 (S.D.N.Y. 2006). |

Proposed Jury Instruction No. 29:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

## **Proposed Jury Instruction No. 30:**

### **(Proof of Pretext)**

If a plaintiff has proven facts that establish all of the elements of a prima facie case of sexual harassment, sex or race discrimination or retaliation and Defendants have met their burden of rebutting the presumption that it unlawfully discriminated against a plaintiff by articulating a legitimate non-discriminatory reason for the decision, the burden then shifts to Plaintiff to prove intentional discrimination. The burden, at all times, remains with the Plaintiff.

You must consider whether plaintiff has proven that Defendants' reasons are a pretext, that is, a cover-up disguising an underlying intent to discriminate because of that plaintiff's race and/or sex.  To meet this burden, the plaintiff must prove both that the reason given by Defendants for its actions was not the real reason, and that the real reason for the Defendants' conduct was because of the plaintiff's race and/or sex.  It is not enough that you disbelieve Defendants' stated reason for taking an adverse employment action against Plaintiff; you must believe that the plaintiff has proved that the intentional discrimination was the real reason for the adverse action.

Unless you find based upon a preponderance of the evidence that Defendants' reasons were in fact a pretext and that Defendants' actions were motivated by discriminatory intent based on the plaintiff's race and/or sex, you must return a verdict in favor of Defendants.

Source     St. Mary's Honor Ctr v. Hicks, 509 U.S. 502, 517 (1993); Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981); Fisher v. Vassar College, 114 F.3d 1332, 1338 (2d Cir. 1997) 1338; Quaratino v. Tiffany & Co., 71 7F.3d 58, 64 (2d Cir. 1995); Woroski v. Nashua Corp., 31 F.3d 105 (2d Cir. 1994).

Proposed Jury Instruction No. 30:

Given_____

FIRM:24914631v1

Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

45

## **Proposed Jury Instruction No. 31:**

### **(Plaintiff's Ultimate Burden of Proof – Disparate Treatment)**

To meet her burden of demonstrating pretext, Plaintiff must prove that race and/or sex was a substantial motivating factor in the decision not to promote her, that is, a determinative factor that made a difference in the decision.  To be determinative, the other characteristics possessed by plaintiff and the other people to whom she compares herself, such as qualifications, experience, prior performance, employment background, supervisory and communication skills, flexibility and criticality, were such that but for the Plaintiff's race and/or sex, she would have been treated more favorably.  Unless you find that but for the Plaintiff's race and/or sex Defendants would have treated her more favorably, you cannot render a verdict for that plaintiff, even if you may feel that this treatment was unreasonable, arbitrary, or unfair.

| | |
|---|---|
| Source | McCarthy v. New York City Tech. Coll., 202 F.3d 161, 165 (2d Cir. 2000); Owen v. Thermatool Corp., 155 F.3d 137, 139 (2d Cir. 1998); Fields v. New York State Office of Mental Retardation & Dev. Disabilities, 115 F.3d 116, 120-21 (2d Cir. 1997); Renz v. Grey Adver., Inc., 135 F.3d 217, 222-23 (2d Cir. 1997); DeMarco v. Holy Cross High Sch., 4 F.3d 166, 172 (2d Cir. 1993); Kirschner v. Office of the Comptroller, 973 F.2d 88, 91 n.2 (2d Cir. 1992); Pierce v. F.R. Tripler & Co., 955 F.2d 820, 825 (2d Cir. 1992); Paolillo v. Dresser Indus., Inc., 865 F.2d 37, 40, modified, 884 F.2d 707 (2d Cir. 1989); Pena v. Brattleboro Retreat, 702 F.2d 322, 323 (2d Cir. 1983); Geller v. Markham, 635 F.2d 1027, 1035 (2d Cir. 1980); Sutera v. Schering Corp., 73 F.3d 13, 16-17 (2d Cir. 1995); Maloff v. City Comm'n on Human Rights, 46 N.Y.2d 908, 387 N.E.2d 1217, 414 N.Y.S.2d 901, 902-03 (1979). |

Proposed Jury Instruction No. 31:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

## Proposed Jury Instruction No. 32:

### (Motivating Factor)

Put another way, to determine whether the employer intentionally discriminated against Plaintiff, you must decide whether, in this instance, race or sex accounted for the Defendants' treatment of Plaintiff.  In other words, you must decide whether the same event would have transpired if the employee had been of a different race or sex, and everything else had been the same.

Plaintiff, therefore, has the burden of establishing that it is more likely than not that race or sex was a substantial or motivating factor in Defendants' treatment of Plaintiff.  In other words, it is for you to determine, based on all the evidence, that it is more likely than not that Defendants' treatment of plaintiff was motivated by sex or racial discrimination.  If you find that the Plaintiff treatment was based on reasons other than her race or sex, you must find for Defendants.

Source        Hester v. BIC Corp., 225 F.3d 178 (2d Cir. 2000); Gierlinger v. Gleason, 160 F.3d 858 (2d Cir. 1998).

Proposed Jury Instruction No. 32:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

**<u>Proposed Jury Instruction No. 33:</u>**

**(Insufficiency of Subjective Beliefs)**

The subjective testimony of Plaintiff to the effect that she believes that she was treated a certain way because of her race or sex cannot form a basis for finding that she was subjected to discrimination.  Her opinion in this regard is just that -- opinion.  Plaintiff's personal opinions are not evidence of intentional discrimination.  Plaintiff cannot substitute her belief for evidence of intentional discrimination.   The proper inquiry is not whether a plaintiff believed that the Defendants' conduct was discriminatory, but whether Plaintiff can in fact prove by a preponderance of the evidence that it was in fact intentionally discriminatory.

| | |
|---|---|
| <u>Source</u> | <u>Dixit v. City of New York Dep't of Gen. Servs.</u>, 972 F. Supp. 730 (S.D.N.Y. 1997); <u>York v. Mobil Oil Corp.</u>, No. 89-CV-1405, 1991 WL 53337, at *2 (N.D.N.Y. Jan. 18, 1991). |

Proposed Jury Instruction No. 33:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

**<u>Proposed Jury Instruction No. 34:</u>**

**(Individual Defendants – Requirement of Personal Involvement)**

Plaintiff has also asserted a claim against Peter Rossignuolo in his individual capacity, that is against him separate and apart from his position when he worked for DaMarino's. Rossignuolo cannot be held liable unless Plaintiff can prove, by a preponderance of the evidence, that Rossignuolo was personally involved in the alleged harassment and discrimination or was in a supervisory position over Plaintiff, knew of the alleged conduct and failed to take appropriate corrective action.  You cannot hold Rossignuolo liable for what other employees did.

You may not hold Rossignuolo liable, unless you have first found that Pasquale Damarino's Inc. should be held liable.  If you do not think that Pasquale Damarino's Inc. discriminated or retaliated against Plaintiff, then you cannot hold Rossignuolo personally liable.

Finally, the law provides that Rossignuolo cannot be held liable under Title VII.

Source     <u>Patterson v. County of Oneida</u>, 375 F.3d 206, 221 (2d Cir. 2004); <u>Schanfield v. Sojitz Corp. of Am.</u>, 663 F. Supp. 2d 305, 344 (S.D.N.Y. 2009); <u>Bazile v. New York City Hous. Auth.</u>, No. 00 Civ 7215 (SAS), 2002 WL 171690, at *16 (S.D.N.Y. Feb. 1, 2002).

Proposed Jury Instruction No. 34:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

## <u>Proposed Jury Instruction No. 35:</u>

### (Employment-At-Will)

Plaintiff was an at-will employee. That means that her employment with Pasquale Damarino's Inc. could be terminated by her or Pasquale Damarino's Inc. at any time, for any reason, or even for no reason at all, as long as the reason was not based on Plaintiffs protected activity. An employer may discharge an at-will employee for a good reason, a bad reason, or for no reason at all, so long as the discharge is not retaliatory or based on unlawful discrimination.

| | |
|---|---|
| <u>Source:</u> | <u>O'Malley</u>, Vo. 3C, § 171.20; <u>Murphy v. American Home Prods. Corp.</u>, 58 N.Y.2d 293, 300-01, 448 |

Proposed Jury Instruction No. 35:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

## Proposed Jury Instruction No. 36:

### (Damages - Generally)

I am about to instruct you as to the proper measure of the damages that you will be considering. The fact that I am giving you these instructions is not an indication of my view as to which party you should find for in the case or whether any damages are appropriate at all. Instructions as to the measure of damages are given only for your guidance in the event that you should find in favor of Plaintiff in accordance with the other instructions that I have given you.

Thus, if you find that Plaintiff has satisfied her burden of proving by a preponderance of the evidence that Defendants discriminated or retaliated against Plaintiff, only then may you consider the issue of what damages Defendants should pay Plaintiff. On the other hand, if you decide that Plaintiff is not entitled to prevail on her claims, you need go no further.

Source:    4 Modern Federal Jury Instructions, Inst. 77-01 (2007), as modified; O'Malley, Vol. 3C § 74.02, § 171.90, as modified; 42 U.S.C. Section 2000-5(e); N.Y.C. Admin. Code § 8-502(d).

Proposed Jury Instruction No. 36:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
            United States District Court Judge

FIRM:24914631v1

<u>**Proposed Jury Instruction No. 37:**</u>

**(Damages Must Be Reasonable and Not Speculative)**

A party seeking damages must prove the nature, extent, duration, and consequences of the damages sought. Your determination of damages must not be based on speculation or guesswork.

The burden of proof to show that damages were sustained is on the Plaintiff. Plaintiff must prove the damages she sustained by a preponderance of the evidence. Plaintiff must establish that she actually incurred a loss of earnings. She must also establish the amount of her loss with reasonable certainty. You may not speculate, guess, or infer damages. Damages must be reasonable and based upon the evidence before you. If you should find that Plaintiff is entitled to a verdict on one or more of her claims, you may award Plaintiff only such sums as will reasonably compensate her for the damage you find she has sustained as a direct cause of Defendants' actions or inaction.

Source:    O'Malley, § 171.90, as modified; Rojas v. Manhattan Jeep Eagle, 152 F.3d 920, 1998 WL 385819, at *2 (2d Cir. 1998); Whittlesev v. Union Carbide Corp., 742 F.2d 724, 729 (2d Cir. 1994); Dunlap-McCuller v. Riese Org., 980 F.2d 153, 159 (2d Cir. 1992). See Federal Jury Practice and Instructions, § 104.06.

Proposed Jury Instruction No. 37:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

## Proposed Jury Instruction No. 38:

### (Damages Based on Evidence - All Claims)

You are instructed to make your decision as to the appropriate amount of damages, if any, based upon the evidence presented and not because you feel sympathy for Plaintiff. If you find that Defendants intentionally discriminated or retaliated against Plaintiff on the basis of Russian race or sex or retaliated against her for engaging in protected activity, you may award as damages only the amount you find justified by a preponderance of the evidence, no more and no less.

It is not appropriate to engage in speculation or guess work.

Source:        4 Modern Federal Jury Instructions, Inst. 77-3, as modified; O'Malley, § 171.90, as modified.

Proposed Jury Instruction No. 38:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

**<u>Proposed Jury Instruction No. 39:</u>**

**(Emotional Distress - All Claims)**

Plaintiff also seeks damages for emotional distress.  The fact that you are instructed on these types of damages does not suggest that you must consider awarding damages based on emotional distress or that I have an opinion on the outcome of this case.

If you decide that Plaintiff is entitled to recover damages based on emotional distress, you will award an amount as, in the exercise of your good judgment and common sense, you decide is just compensation for such pain, suffering and emotional distress you find was actually caused by the Defendants' conduct.  However, where there is only limited evidence presented of mental anguish or humiliation, damages can be nominal or zero, even in cases where discrimination is found.

Conduct by Defendants that does not cause pain, suffering or emotional distress does not entitle a plaintiff to such damages.  By the same token, pain, suffering or emotional distress to a plaintiff that is not the result of unlawful discrimination or retaliation by Defendants does not allow you to award such damages to the Plaintiff.

If you decide to award damages based on emotional distress, you should be guided by common sense – without passion – in awarding the amount of such damages.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

You may not award damages based on sympathy, speculation, or guesswork.

| | |
|---|---|
| <u>Source</u> | <u>Funk v. F&K Supply, Inc.</u>, 43 F. Supp. 2d 205, 227-28 (N.D.N.Y. 1999); <u>Tanzini v. Marine Midland Bank, N.A.</u>, 978 F. Supp. 70, 78 (N.D.N.Y. 1997); <u>Shea v. Icelandair</u>, 925 F. Supp. 1014, 1029 (S.D.N.Y. 1996); <u>McIntosh v. Irving Trust Co.</u>, 887 F. Supp. 662 (S.D.N.Y. 1995); <u>Cullen v. Nassau County Civil Serv. Comm'n</u>, 53 N.Y.2d 492 (1981); <u>Grumman Aerospace Corp. v. N.Y. State Div. of Human Rights</u>, 151 A.D.2d 573 (2d |

54

Dep't 1989); <u>Cosmos Forms, Ltd. v. State Div. of Human Rights</u>, 150 A.D.2d 442 (2d Dep't 1989).

Proposed Jury Instruction No. 39:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

## Proposed Jury Instruction No. 40:

### (Unanimous Verdict)

As you know, the verdict, as to liability and to the amount of damages, if any, must represent the considered judgment of each and every juror.  In order for you to return a verdict, it is necessary that you all agree.  Your verdict must be unanimous.

It is now your duty, as jurors, to consult with one another, and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced that it is erroneous.  In doing so, you should not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely for the purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.


Source        Federal Jury Practice and Instructions, § 74.01.


Proposed Jury Instruction No. 40:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

## **Proposed Jury Instruction No. 41:**

### **(Damages Based on Evidence - All Claims)**

You are instructed to make your decision as to the appropriate amount of damages, if any, based upon the evidence presented and not because you feel sympathy for Plaintiff. If you find that Defendants intentionally discriminated against Plaintiff on the basis of her Race, created a hostile environment on the basis of her sex, or retaliated against her for engaging in protected activity by serving as a witness against defendant, you may award damages.  The amount of those damages, if any, must be limited to only the amount you find justified by a preponderance of the evidence, no more and no less.

Source:        4 Modern Federal Jury Instructions, Inst. 77-3, as modified; O'Malley, § 171.90, as modified.

Proposed Jury Instruction No. 41:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

57

## Proposed Jury Instruction No. 42:

### (Duplicative Damages)

I have a cautionary instruction before I define the types of damages you may award Plaintiff in the event that you find that she has proven liability and is entitled to damages according to the standards I have provided.

You may not award damages more than once for the same injury. For example, if Plaintiff were to prevail on two different theories and establish a one dollar injury, you are not permitted to award Plaintiff one dollar on each theory.

Plaintiff is not entitled to recover more than you determine she has lost.  You must consider the amount that you might award, if anything, in such a manner that Plaintiff does not receive a greater award than she is entitled to receive.

Source:         4 Modern Federal Jury Instructions, Inst.  77-2, as modified;
                Barbano v. Madison Cnty., 922 F.2d 139 (2d Cir. 1990).


Proposed Jury Instruction No. 42:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

## Proposed Jury Instruction No. 43:

### (Backpay)

**[Please note that Defendants only request this instruction in the event that this Court elects to seek an advisory determination on these matters from the jury pursuant to Fed.R.Civ. P. 39(c).]**

In the event you are convinced by the evidence that Defendants discriminated against Plaintiff, then you must determine what amount of money will reasonably compensate the Plaintiff for any injury she may have suffered. Plaintiff is asking for specific types of compensatory damages, which we call "backpay" and "frontpay." Each of these two types of claimed damages has specific requirements that you must find before you can make any award.

Backpay refers to the damages that a Plaintiff may recover to compensate her for any loss of income she may have suffered between the time of any unlawful discrimination that you may find to have occurred and the date of your verdict. Backpay therefore compensates the Plaintiff for any past losses she may have suffered as a result of any conduct you find was illegally discriminatory or retaliatory.

Source:        8th Cir. Civil Jury Instr. 5.02 (2007).


Proposed Jury Instruction No. 43:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
        United States District Court Judge

## Proposed Jury Instruction No. 44:

### (Front pay)

**[Please note that Defendants only request this instruction in the event that this Court elects to seek an advisory determination on these matters from the jury pursuant to Fed.R.Civ. P. 39(c)]**

The law allows Plaintiff to be compensated for what we call "front pay."  Front pay is basically a substitute for the Plaintiff's termination.  In some cases, simply giving Plaintiff her old job back is not a practical remedy and in such cases "front pay" may be awarded to a Plaintiff who has proven discrimination and/or retaliation in order to compensate her for any future losses derived from the her employment. In other words, front pay compensates a plaintiff for any future losses she may sustain as a result of the Defendants' alleged illegal conduct between the day of your verdict and the time when you find she would have left the job of her own accord or been dismissed for legitimate, nondiscriminatory reasons.  If you find that the Plaintiff would have left her job of her own accord, or would have been dismissed from that job for nondiscriminatory reasons, you may not award any front pay for any time after the date when you find those events would have occurred.

In calculating any front pay award, you should calculate the difference between, on the one hand, the salary that the Plaintiff would have received had she not been terminated and, on the other hand, any amounts she may be earning in her current position, for as long as you believe Plaintiff would have been remained employed by Defendants.  Defendants are not liable for any lack of employment opportunities that a plaintiff may encounter in the future that is not the direct result of Defendants illegal conduct, such as any difficulty she might encounter in securing other employment as a result of any deficiencies in her own job skills or a desire to take off from work to obtain her education. Front pay is only appropriate to the extent you can

60

reasonably predict that, as a direct result of illegal conduct, the Plaintiff has no reasonable prospect of securing alternative employment comparable to the job she would have had but for the illegal discrimination.

If you award Plaintiff any amount of future losses, you must not speculate or guess as to the correct amount.  Any future losses you may find, if any, must be based on evidence. In addition, any future losses you may find must be reduced to their value today. That is, you may award to Plaintiff for future losses no more than the sum of money needed today, which, when added to what that sum may reasonably be expected to earn in the future by investment, will equal the amount of Plaintiff's future loss less the salary she is currently earning, or might earn elsewhere. In other words, the total anticipated future loss must be reduced to an amount which, if invested at a particular rate of interest, will return an amount equal to the total anticipated future loss.

Source:      Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843 (2001); Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1182 (2d Cir. 1996); Dunlap-McCuller v. Riese Org., 980 F.2d 153, 159 (2d Cir. 1992); Broadnax v. City of New Haven, 141 F. App'x 18, 22 (2d Cir. 2005); Rojas v. Manhattan Jeep Eagle, 152 F.3d 920, 1998 WL 385819, at *2 (2d Cir. 1998).

Proposed Jury Instruction No. 44:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

## Proposed Jury Instruction No. 45:

### (Mitigation of Damages)

A plaintiff who has been unlawfully terminated has an obligation to mitigate, that is, to minimize, her damages. This means that Plaintiff must have used reasonably diligent efforts to obtain other suitable employment. While Plaintiff is not required to accept a demotion or go into a new line of work, she must use reasonable diligence in seeking comparable alternative employment.

Defendants have the burden of proof on this issue. You must decide whether, at any time subsequent to her termination, Plaintiff did not meet her duty to mitigate her damages, that is, that she failed to make reasonable efforts to obtain other suitable employment.

Source:    Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53-54 (2d Cir. 1998); Proulx v. Citibank. N.A., 681 F. Supp. 199, 202-05 (S.D.N.Y.), affd mem., 862 F.2d 304 (2d Cir. 1988); N.Y.C. Bd. of Educ. v. Simley, 96 A.D.2d 947, 949-50 (2d Dep't 1983).

Proposed Jury Instruction No. 45:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

## Proposed Jury Instruction No. 46:

### (Punitive Damages)

[Please note: Defendants only request this instruction if the Court concludes that an instruction regarding punitive damages is appropriate based upon the evidence adduced at trial.]

Plaintiff has requested that the jury consider imposing punitive damages against Defendants. Plaintiff, however, is not entitled to punitive damages as a matter of right. Punitive damages are not favored in the law and may be awarded only after cautious and thoughtful consideration of all the evidence in the case. Of course, you need not award any punitive damages if you find that such an award is not warranted by Defendants' conduct. If you do determine that punitive damages may be appropriate to consider, however, you may award them only within the narrow limits that I will now explain.

Punitive damages may be awarded under Title VII, Section 1981 and the NYCHRL only where a party has acted willfully, maliciously, with gross disregard for the rights of the complaining party and for the purpose of causing injury to Plaintiff.  In other words, you may only award punitive damages to Plaintiff if she proves that Defendants' conduct was wanton and reckless. An act is wanton and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the rights of others. The purpose of punitive damages is to punish a wrongdoer for some extraordinary or outrageous misconduct and to serve as an example in order to deter that party and others from committing similar acts in the future.

A Defendant employer is not liable for punitive damages based on the wrongful acts of its employees, unless the employer authorized or approved the wrongful acts for which the damages are awarded and was aware of their wrongfulness.

FIRM:24914631v1

Punitive damages are an extraordinary sanction and are not appropriate solely because you might find that Defendants intentionally harassed, discriminated or retaliated against Plaintiff. As I noted, the standard for awarding punitive damages is a high one and they may be awarded only in exceptional circumstances. Unless you find that the standard for awarding punitive damages, as I have outlined it, has been met by competent proof presented by Plaintiff, you should not award punitive damages.

Punitive damages are not allowed under the NYSHRL.

Source:      See Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(3); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416, 425-29 (2003); Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535-45 (1999); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 266-67 (1981); Farias v. Instructional Sys., Inc., 259 F.3d 91, 101-02 (2d Cir. 2001); Weissman v. Dawn Joy Fashions. Inc., 214 F.3d 224 (2d Cir. 2000); Luciano v. Olsten Corp., 110 F.3d 210 (2d Cir. 1997); Bridges v. Eastman Kodak Co., 822 F. Supp. 1020, 1029 (S.D.N.Y. 1993); see also O'Malley, § 171.94; 4 Modern Federal Jury Instructions, 77-5; NYC Admin. Code § 8-107(13)(e); Thompson v. American Eagle Airlines, Inc., No. 99 Civ. 4529 (JGK), 2000 WL 1505972, at *11 (S.D.N.Y. Oct. 6, 2000).

Proposed Jury Instruction No. 46:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

**Proposed Jury Instruction No. 47:**

**(Amount of Punitive Damages)**

If you determine that under the limited circumstances I just described that the facts justify an award of punitive damages, you should fix the amount using calm discretion and sound reason. It should be an amount that all jurors agree is proper. You must not be influenced by sympathy for or dislike of any party in the case, and should try to determine a fair, just and reasonable amount for Plaintiff under the circumstances.

In fixing the amount, if any, you should consider the following questions: How offensive was the conduct? What amount is needed to prevent future repetition? Does the amount of punitive damages bear a reasonable relationship to the actual damages awarded? You should not award Plaintiff additional compensation in the form of punitive damages for injuries already compensated for in an actual damages award.

The amount of punitive damages, if any, you may award is limited by law. It must bear a "reasonable relationship" to the award of actual damages. In other words, an award of punitive damages, if any, must be in reasonable proportion to the amount of actual loss suffered by Plaintiff.

Source:     See Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(3); BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 594-95 (1996); Patterson v. Balsamico, 440 F.3d 104, 121-22 (2d Cir. 2006); Gilman v. BHC Secs., Inc., 104 F.3d 1418, 1431 n.13 (2d Cir. 1997); Parrish v. Sollecito, 280 F. Supp. 2d 145 (S.D.N.Y. 2003).

Proposed Jury Instruction No. 47:

Given_____

Refused_____

Given as modified_____

Withdrawn_____

_____

United States District Court Judge

## Proposed Jury Instruction No. 48:

### (Witness Credibility)

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under claim, in the face of the very different pictures painted by the Plaintiff and the Defendants which cannot be reconciled. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which many help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the Plaintiff or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice or hostility that may have

caused the witness–consciously or not–to give you something other than a completely accurate accounts of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express him or herself.  Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in this case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment and your experience.

Source:        1 Modern Federal Jury Instructions, Inst. 7-1.


Proposed Jury Instruction No. 48:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

## Proposed Jury Instruction No. 49:

### (Interested Witnesses)

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that fact in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

Source        Modern Federal Jury Instruction, Inst. 76-3.


Proposed Jury Instruction No. 49:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

**<u>Proposed Jury Instruction No. 50:</u>**

**(Missing Witnesses – No Inference)**

The law does not require any party to call as witnesses each and every person who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.   You should not draw any negative inference against any party with respect to any issue in dispute based on their failure to produce a witness over whom the party has no control.

Source         Federal Jury Practice and Instructions, § 73.11 (as modified).

Proposed Jury Instruction No. 50:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

FIRM:24914631v1

## Proposed Jury Instruction No. 51:

### (Impeachment/Perjury)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony. I must warn you that the testimony of any witness whom you find did previously and deliberately lie under oath should be viewed cautiously and weighed with great regard and care.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness as little credibility (or as much) as you may think the witness deserves.

If a witness is shown "knowingly" to have testified falsely or rendered false sworn statements concerning any matter germane to any issue before you, you have a right to distrust such witness' testimony in other areas too. And you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source:      4 Federal Jury Instructions, § 76-5, § 76-8, as modified; Lewis v. Baker, 526 F.2d 470, 475 (2d Cir. 1975).

Proposed Jury Instruction No. 51:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

70

**Proposed Jury Instruction No. 52:**

**(Sympathy)**

In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public may be to your verdict, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in the courtroom. You should consider only the evidence, both the testimony and the exhibits, find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict must be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

Source:        1A N.Y. P.J.I. 3d, at 50 (2011).

Proposed Jury Instruction No. 52:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

71

## Proposed Jury Instruction No. 53:

### (Corporate Parties)

The law considers a corporation to be a person, with rights just like any natural person. A corporation like Pasquale DaMarino's Inc. is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Source:          4 Federal Jury Practice and Instructions, § 72.01.

Proposed Jury Instruction No. 53:

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____

United States District Court Judge

FIRM:24914631v1