UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x
TATIANA MIRONOVA,
                Plaintiff,

       - v. -

PASQUALE'S DAMARINO'S, INC., individually and    Case No.: 13 CV 1663
d/b/a DA MARINO RISTORANTE ITALIANO,
PASQUALE MARINO, individually, and PETER
ROSSIGNUOLO, individually,

                Defendants.
------------------------------------------ x

## **DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS**

Defendants Pasquale's DaMarino's Inc., Pasquale Marino and Peter Rossignuolo ("Defendants"), by its attorneys, Epstein Becker & Green, P.C., respectfully requests that the Court include the following questions in its examination of prospective jurors, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, and to permit Defendant to supplement that inquiry, if necessary.

### **Case Summary**

In this case, Tatiana Mironova, a former employee of DaMarino's, asserts claims for employment discrimination on the basis of her race, in violation of Section 1981 of Title 42 of the United States Code ("Section 1981"), for sexual harassment in violation of the New York Executive Law § 296 (the "NYSHRL") and the Administrative Code of the City of New York § 8-107 et seq. (the "NYCHRL") and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), NYSHRL and the NYCHRL. Specifically, she alleges that she was subject to a hostile working environment, sexually harassed and retaliated against for complaining about harassment and participating as a witness on behalf

of former co-workers. Plaintiff seeks compensatory and punitive damages and equitable relief pursuant to Title VII, Section 1981, the NYSHRL and the NYCHRL.

Pasquale Marino, Peter Rossignuolo and Damarino's vigorously deny the allegations and contend that Ms. Mironova was not subject to any inappropriate discriminatory, retaliatory, hostile or inappropriate conduct at any time.

1.  On the basis of this brief description, is there any reason why any of you would be unable to sit as jurors and decide this case only on the basis of the evidence that you hear and the law as the Court instructs you?

### Jurors' Familiarity with the Parties

**A.  Plaintiff**

2.  Do any of you know the Plaintiff, Tatiana Mironova?

**B.  Defendant**

3.  The Defendants are Pasquale's DaMarino's Inc., Pasquale Marino and Peter Rossignuolo. Pasquale's DaMarino's Inc. is an Italian Restaurant, which is located in the Times Square section of Manhattan and which is d/b/a DaMarino's Restorante Italiano ("DaMarino's"). Have you, any family member or any personal friend ever worked for DaMarino's? If so, when and in what capacity did you (or they) perform work?

4.  Have you, any family member or any personal friend ever visited DaMarino's as a patron? If so, were you, any family member or any personal friend satisfied or dissatisfied with the experience?

5.  Other than as a patron or an employee, have you, any family member or any personal friend ever had any personal or business dealings with the DaMarino's? If so, what were your or their dealings?

### Jurors' Familiarity With Counsel

6. Let me introduce the attorneys to you.

   a. W. Gordon Kaupp of the Arce Law Group, PC is representing the Plaintiff.

   b. Brian Cesaratto, Evan Spelfogel and Ian Nanos of Epstein Becker & Green, P.C. are representing Defendants DaMarino's, Pasquale Marino and Peter Rossignuolo. Do any of you know any of the attorneys or law firms in this case?

7. Do any of you know anyone who works for, has worked for or has had dealings with any of the attorneys or law firms I just mentioned?

### Jurors' Familiarity With Witnesses

8. I am going to read a list of names of people who may be called as witnesses in this case. We need to learn from you if you know any of them. Please raise your hand if you think you know anyone on this list. The mere fact that I read the name to you does not necessarily mean that the person will actually be called as a witness. That decision is for the attorneys.

   Ying Cai
   Genesis Wilson
   Aliaksandra Kulesh
   Natalia Zemstova
   Yuliya Synyuk
   Tatiana Lisovskaya
   Julia Novskay
   Julia (last name unknown)
   Mohammed Moin Uddin
   Barbara Luberadzka
   Sergey Vishnev
   Giancarlo Montesarchio
   Craig Perry
   Julia Vershineina (sic)

Vincent Parko
Roman Zrazhevskiy
Antonio (last name unknown)
Marcus Monroe
Salvatore Abbate
Jawad Arif
Jonathan Abel
Gopal Baydo
Albert Breud
Sophia Grace Change
Joe Cecchini
John DeBellis
Edward Dixon
April Dixon
Elhassan Elhour
Ia Esitashuili
Josh Gasparo
Jonath Kirchner
Izabela Marino
Luis Marte
Natalia Odegova
Joe Passaro
Ron Pobuda
Abdul Rahim
Yulia Vershinina
Irina Watz
Robert Weiss
Robert Wieland
Robert Wisniewski
Roman Zrazhevskiy's parents
Antonio (last name unknown)
Paul (last name unknown)
Gabrial Botoz
Elena (last name unknown)
Jordan Addisan
Josh Tuckman
Alf Baez
Kasia (last name unknown) a/k/a Kess
Sabbine O'Donnel

9. As to any juror indicating that he/she knows any witness:

   a. Who do you know?

   b. How do you know that person?

  c. Would your acquaintance with/relationship to _____ in any way affect any decision that you may be required to make as a juror? If yes, how would this affect your decisions as a juror?

  d. Would you be more likely to believe _____ or would you assign more or less weight to anything that he/she might say because of your relationship?

10. Although they may not be witnesses, you may hear other names during the course of this trial. These may include:

> Robert Wisniewski, Esq.
> Asst. Distric Attorney Francesca Liquori

Do you know any of them?

### Jurors' Backgrounds

11. The parties are entitled to know about your individual backgrounds. I will now ask you certain questions about your job.

12. What's your occupation?

13. Where do you work?

14. How long have you worked there?

15. What is your job title?

16. What type of work do you do?

17. Have you, your friends, or any member of your family ever been involuntarily terminated from a job? What were the circumstances?

18. If you are retired, at what age did you retire? Under what circumstances did you retire (voluntary, involuntary, layoffs)?

19. If you are unemployed, how long and under what circumstances did you become unemployed?

20. Is your spouse or significant other, if any, employed? If so, where? What job? If unemployed: duration and circumstances?

21. Do you have working children? If so, where? What job[s]?

22. How far did you go in school? Your spouse?

23. Have you ever held a supervisory position in any job? If so, how many employees did you supervise? In what functions?

24. Have your or any member of your family ever owned a business? Type of business?

25. Have you or a member of your family or a friend ever worked for the United States Equal Employment Opportunity Commission, commonly referred to as the EEOC, the New York State Division of Human Rights, the New York City Human Rights Commission or any other state or local anti-discrimination or human rights agency? If so, please explain.

26. Where do you live?

27. How long have you lived in your current residence?

28. Do you have any medical problems which might affect your ability to hear or see the evidence presented in this case and deliberate and reach a verdict?

### Businesses Operated by Individuals of Italian Descent

29. Have you, any family member or any personal friend ever been dissatisfied or unhappy with an experience at a business that is operated by an individual of Italian descent?

30. Have you or any member of your family ever had a negative experience at a business that is operated by an individual of Italian descent?

31. Do you or any member of your family dislike or have any reason to distrust business proprietors of Italian descent?

32. Have you or any member of your family ever worked for a proprieter of Italian descent? If so, in what capacity did you (or they) work? If you no longer work there, why did you leave? Does your or your family member's past employment for an individual of Italian descent prejudice towards or against either party in this case?

### Hospitality Industry

33. Have you or anyone you know ever worked in a restaurant (i.e., as a busboy, server, waiter/ waitress, host/ hostess, bartender, etc.)? If someone you know, does that person discuss his or her work with you?

34. If you (or the person you know) no longer work(s) in the restaurant why did you (or the person you know) leave? Was it for an unpleasant reason?

35. Does your experience in working in a restaurant (or the experience of the person you know) prejudice you towards or against either party in this case?

36. Do any of you have reason to believe that what the Plaintiff might say about her employer has to be true because you believe employers in the restaurant business do not treat their employees well, take advantage of their employees or attempt to engage in inappropriate behavior with their employees?

### Sexual Assault / Domestic Violence / Sexual Harassment / Stalking / Protective Order

37. During this case, you will hear allegations of sexual harassment in the workplace, have you, any family member, or close friend been subject to sexual harassment?

38. During this case, you will hear allegations of purported sexual assault / attempted sexual assault and that the Plaintiff reported these incidents to the police. If any of

you, a family member or a close friend has ever been involved in an attempted sexual assault, sexual harassment, incident of stalking or domestic violence or if you, a family member or a close friend has ever gone to the police to report an incident or to seek out a protective order, please raise your hand and the I will ask you to come up and speak privately with me and counsel.

39. Do any of you, a family member or a close friend work for a victim's right group, women's shelter, counseling group or similar organization? If so, in what capacity and for how long?

40. Do any of you have reason to believe that you would feel strongly one way or another for either the alleged victim or alleged harasser just because of the nature of the allegations and before you have had an opportunity to hear (and weigh) all of the facts in this case?

### Jurors' Experience With Discrimination and Retaliation Claims

41. Have you, a family member or a close friend ever had any unpleasant experiences with an employer, including a job loss, layoff, termination or denial of promotion? If so, please describe.

42. Have you, a family member or a close friend ever been treated unfairly by an employer? If so, on what do you or they base the feelings of unfair treatment?

43. Have you, any member of your family or close personal friend ever believed that you or he or she has been discriminated against or retaliated against by your or his or her employer? If so:

    a. On what do you, or they, base the claim of discrimination, retaliation or unlawful treatment?

    b. Was a grievance or complaint with the employer?

      c.     Was a charge filed with any state or local government agency?

      d.     Was the complaint/charge resolved favorably to the individual?

      e.     Was a lawsuit ever filed in state or federal court? If so:

            (1)     Did the lawsuit go to trial?

            (2)     Was the case tried before a jury?

            (3)     Was the case resolved favorably to the plaintiff?

            (4)     How did you feel about the judicial process after the lawsuit settled or was determined by the court/jury?

44. Do you think there is widespread discrimination against employees in the workplace? Why do you think that?

45. Do you believe that an employer has the right to terminate an employee for any reason or no reason – so long as no discrimination is involved?

46. Do you believe that an employer has the right to make business judgments so long as no discrimination is involved? Could you find in favor of Defendant if Plaintiff does not meet her burden of proof, even if you do not agree with Defendant's decisions or the reasons for those decisions?

### Jurors' Experience with the Legal System

47. Have you ever served previously as a member of a jury, whether a petit jury or grand jury?

      a.     Is so, when and in which court?

      b.     What was the case about?

      c.     Did you reach a verdict?

      d.     Was your verdict for the plaintiff or defendant?

  e. Would the fact that you previously served on a jury prevent you from rendering a fair and impartial verdict according to the evidence and instructions of the Court?

  f. Has any member of your immediate family or a close personal friend told you about their service on a jury? If so, have they said anything that will influence you if you are picked on this jury? Has any of those persons reported an unpleasant or unfavorable experience?

48. Have you or any member of your immediate family, including your spouse, your children, their spouses or children or any other close relative, or any personal or family friend, ever been involved in a claim for money in any role? If so, please describe the nature of the matter and its outcome? Is there anything in that experience that would prevent you from rendering a fair and impartial verdict according to the evidence and instructions of the Court?

49. Has anyone ever sued or been sued in a court of any type of case (including an employment discrimination case)? If so:

  a. What type of case was it?

  b. Were you the person suing or the person being sued?

  c. Was the case before a judge or jury?

  d. Who was the other party in the lawsuit?

  e. How did the court/jury rule?

  f. How did the handling of your case make you feel about the judicial process in general?

      g.    When did this happen?

50. Do you believe that a case must have merit if it has gotten to trial?

51. Sometimes a natural reaction is to "feel sorry" for a plaintiff in a lawsuit. Would you allow any sympathy you might have for the Plaintiff affect your decision in this case?

52. The functions of the judge and jury are very different. You as jurors – and only you – decide the facts, that is, what happened. The judge– and only the judge – decides the law. I will tell you what the applicable law is at the close of the case, and you must apply that law to the facts as you find them whether or not you agree with the law, or think it is wise or just or fair. You do not have any choice in that regard. Can each of you follow this instruction without any reservation?

53. I will explain this in greater detail to you later in the trial. However, you should now be aware that in general, the law provides that Plaintiff always has what is called the "burden of proof," that is, Plaintiff ultimately has to convince you that Defendants intentionally discriminated against her. Defendants do not have to prove that they did not discriminate against Plaintiff. Do any of you have any difficulty accepting and applying that essential principle of law, whether or not you agree with it?

### DaMarino's Corporate Status

54. DaMarino's is a corporation. As such, it presumably has greater economic resources than the Plaintiff. The relative economic resources of Plaintiff and Defendants are of no relevance whatsoever to the issues in the case, and this factor must not be allowed to enter into your decision-making. Do any of you feel that you cannot judge the evidence with complete indifference to the relative size and financial capabilities of the parties?

55. Do any of you feel disposed to grant monetary damages to the Plaintiff – even if she fails to prove her case in accordance with the rules which I will explain to you later – simply because DaMarino's is a corporation?

56. Would any of you be less likely to believe testimony offered by Defendants witnesses because DaMarino's is a corporation or because certain witnesses work or have worked for a corporation?

57. Would any of you be more likely to believe evidence offered by the Plaintiff because she is an individual, or because she is suing her former employer?

### Miscellaneous

58. Do you feel that any of the plaintiffs are entitled to money damages even if she fails to prove her case by a preponderance of the evidence simply because this lawsuit was filed?

59. The law says that you are not to be swayed from the performance of your duty by sympathy. It is, of course, natural to be sympathetic to a person who claims to have been damaged by discrimination. Both parties, however, stand equal under the law. You are to weigh and consider the facts, judge the case on the law and the evidence presented during the course of the trial and not let sympathy sway you from your duty to either party. Can you do that?

60. If you were selected to serve on this jury, your role would be to serve as the judge of the facts. My role is to serve as the judge of the law. You may hear legal instructions that, for whatever reason, you might disagree with. Would that disagreement affect your ability to follow the instructions as I give them to you? If you have such a disagreement, can you assure the attorneys that you will follow my instructions?

61.  Based on what you have heard so far, do you have an opinion as to whether the plaintiff or the defendants should prevail in this case?

62.  Have you heard anything so far that would prevent you from being a fair and impartial juror in this case?

63.  Is there anything at all that any of you can think of that would prevent you from being completely fair and impartial in this case?

Defendants reserve its right to supplement or amend the above-requested voir dire questions subsequent to the rulings on the motions in limine.

Dated: New York, New York
April 4, 2014

EPSTEIN BECKER & GREEN, P.C.

By:  /s/ Brian G. Cesaratto
Brian G. Cesaratto
Evan J. Spelfogel
Ian G. Nanos
250 Park Avenue
New York, New York 10177
(212) 351-4500
*Attorneys for Defendants*

To:  W. Gordon Kaupp, Esq.
ARCÉ LAW GROUP, PC
30 Broad Street, 35th Floor
New York, NY 10004
*Attorneys for Plaintiff*