UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Case No.: 13 CV 1663 (TPG)
----------------------------------------------------------------X

TATIANA MIRONOVA,

                      Plaintiff,

          -against-

PASQUALE'S DAMARINO'S, INC., individually and
d/b/a DA MARINO RISTORANTE ITALIANO,
PASQUALE MARINO, individually, and PETER
ROSSIGNUOLO, individually,

                    Defendants.
----------------------------------------------------------------X

**PLAINTIFF'S MOTIONS
*IN LIMINE* NOS. 1 & 2**

Plaintiff, Tatiana Mironova, hereby moves the Court to exclude evidence under the Federal Rules of Evidence, as follows:

## THE RULES GOVERNING ADMISSIBILITY OF EVIDENCE

The purpose of motions *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A motion *in limine* to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Allen v. City of New York*, 466 F. Supp. 2d 545, 547 (S.D.N.Y. 2006); Fed. R. Evid. 104 ("Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court . . . .")

Rule 402 of the Federal Rules of Evidence requires that evidence be relevant to be admissible. Fed. R. Evid. 402. "Irrelevant evidence is not admissible." *Id.* Rule 401 provides:

Evidence is relevant if:
(a) It has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) The fact is of consequence in determining the action.

 "Thus, the court's determination of what constitutes "relevant evidence" is guided by the nature of the claims and defenses presented." *Suarez v. Am. Stevedoring, Inc.* No. 06-CV-6721 (KAM) (RER), 2010 U.S. Dist. LEXIS 19350, *4 (E.D.N.Y. Mar. 4, 2010).

Further, under Rule 403,

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

As the terms of the Rules indicate, for relevant evidence to be excluded on this basis, the imbalance must be substantial, and the prejudice must be unfair. *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997). The prejudice that "Rule 403 is concerned with involves some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (internal quotation marks omitted); *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) ("'Unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. . . . The prejudice must be 'unfair.'"), cert. denied, 435 U.S. 996 (1978). Although any evidence that tends to establish liability is prejudicial to the interests of the defendant, the prejudice is unfair only if the evidence has "an undue tendency to suggest decision on an improper basis." Fed. R. Evid. 403 Advisory Committee Notes (1972).

## MOTION *IN LIMINE* NO. 1

Plaintiff moves the Court to exclude information and materials concerning her unemployment insurance information because it is irrelevant to the within action and it would cause an undue waste time.

Plaintiff contends that she was subject to discrimination and retaliation including wrongful discharge. Plaintiff asserts two separate legal theories of retaliation. First, Plaintiff asserts a claim of retaliation under Title VII and the New York City Human Rights Law ("NYCHRL")[1] because Defendant Marino sued in a defamation action in State court for reporting the two sexual assaults to the police and for submitting a declaration in another matter (the *Wilson* action) brought by Plaintiff's former female co-workers who are alleging wage violations and sexual harassment. Clearly, Plaintiff's unemployment insurance information is irrelevant to this claim because Defendant Marino's defamation action against was filed long after Plaintiff's employment with the restaurant ended.

Plaintiff's second theory of retaliation, brought under the NYCHRL, asserts that she was unlawfully terminated for opposing Defendant Marino's unwanted sexual advances. The only relevance Plaintiff's receipt unemployment insurance benefits has to this theory of retaliation (and *quid pro quo* sexual harassment) relates to the issue of an offset to an award of lost wages. Therefore, the only evidence that should be admitted concerning Plaintiff's unemployment benefits is the amount she received. Because Plaintiff's receipt of unemployment insurance benefits relates only to the issue of a potential offset it has no relevance to any of Plaintiff's

---

[1] Plaintiff has withdrawn her claims of discrimination and retaliation under the New York State Human Rights Law ("NYSHRL") (but not her claim for aiding and abetting) because the NYCHRL provides greater protection and any finding of liability under both the NYCHRL and the NYSHRL would not result in a greater award. To promote judicial economy and to avoid confusing the jury by presenting two separate legal standards for discrimination, Plaintiff has withdrawn those claims.

claims. As such, this Court should exclude such evidence until a finding of liability is made and the Court determines an offset is appropriate.

In addition, introduction of unemployment insurance information is prohibited by the Laws of New York.

New York Labor Law § 537(b) provides:

> Unemployment insurance information shall be for the exclusive use and information of the commissioner in the discharge of his or her duties under this chapter and shall not be open to the public nor be used in any court in any action or proceeding pending therein unless the commissioner is a party to such action or proceeding, or such action or proceeding involves information provided pursuant to paragraph g of subdivision three of this section, notwithstanding any other provisions of law.

Accordingly, Plaintiff respectfully requests that any evidence of her receipt of unemployment benefits be excluded until a determination concerning whether to offset an award of lost wages is made.

## MOTION *IN LIMINE* NO. 2

Plaintiff moves to exclude any evidence or mention of the dismissal of the criminal charges against Defendant Marino. Proof of the dismissal of the criminal charges against Defendant Marino may be presented to the jury only if is admissible as evidence. Fed. R. Evid. 401. However, the dismissal of the criminal charges has no probative value as to whether Plaintiff was sexually assaulted by Defendant Marino.[2] Because the dismissal of the criminal case is irrelevant it is inadmissible.

Second, not all relevant evidence is admissible. Evidence containing hearsay – "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted" – is inadmissible, absent an applicable exception. Fed. R.

---

[2] Because Plaintiff was not in privity with a party to the criminal proceeding collateral estoppel does not apply here.

Evid. 801, 802. Court judgments, judicial findings of fact, and the "analysis underlying [a] judgment to prove the truth of those findings" are hearsay unless an exception exists. *United States v. Sine,* 493 F.3d 1021, 1036 (9th Cir. 2007). Admitting a judicial opinion for the truth of the matter it asserts would present the jury with unreliable evidence, "neither based on personal knowledge nor subject to cross-examination." *Sine,* 493 F.3d at 1036.

Third, under Rule 403, courts may also exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." However, evidence that the criminal case was dismissed poses substantial danger of unfair prejudice because a jury may impermissibly infer that the charges were dismissed because Defendant Marino was innocent and the sexual assaults did not happen. This is particularly problematic here where the Assistant District Attorney, Francesca Liquori, did not make any statement concerning whether she believed the sexual assaults happened and where she specifically stated that the dismissal was not based on the content Plaintiff's testimony at trial. See, Transcripts from *People v. Pasquale Marino,* a true and correct copy of which is attached as Exhibit A.  As such the dismissal carries no probative wait.

In the context of excessive force claims courts have held that dismissal of the criminal case is irrelevant and inadmissible under Rules 401 and 402 and, to the extent there is any probative value, that dismissal of criminal charges is substantially outweighed by the risk of confusion and unfair prejudice under Rule 403. See, *Picciano v. McLoughlin,* No. 07-CV-0781, 2010 U.S. Dist. LEXIS 114704, at *6 (N.D.N.Y. Oct. 28, 2010); *Upchurch v. Harcharik,* No. 11CV252 DPJ-FKB, 2013 U.S. Dist. LEXIS 176713, at *4-5 (S.D. Miss. Dec. 17, 2013); *Macgregor v. Collins,* 160 F. App'x. 573, 574 (9th Cir. 2005); *Schutz v. Honik,* No. 10-cv-0832, 2012 U.S. Dist. LEXIS 66207, at *4 (W.D. Pa. May 11, 2012); *Allen v. City of Los Angeles,* No.

CV 10-4695 CAS RCX, 2012 U.S. Dist. LEXIS 65775 (C.D. Cal. May 7, 2012).

Plaintiff also moves to exclude any evidence or mention of ADA Liquori's credibility determination concerning dismissal of the criminal charges. See, Exhibit A.  Defendants will seek to introduce evidence that ADA Liquori dismissed the criminal charges against Defendant Marino because of Tatiana Mironova's credibility in order to suggest that Plaintiff was untruthful.  This would improperly prejudice the jury. Moreover, ADA Liquori specially stated that she did not dismiss the criminal case because of the contents of Plaintiff's testimony. Rather, ADA Liquori specifically testified that it was not based on Plaintiff's truthfulness but that she had not obtained information from Plaintiff that she would have expected to while interviewing Plaintiff. *Id.*

The ADA's credibility determination is wholly irrelevant to the instant action, poses a substantial danger of unfair prejudicial, and invades the province of the jury whose sole role it is to weigh the evidence and make credibility determinations.  As such, evidence of this highly prejudicial information should be excluded from any mention at trial.

Defendants contend that the ADA's credibility determination should be introduced and will argue that it relates to Defendant Marino's state of mind concerning Plaintiff's Title VII retaliation claim, which arises out of the defamation action Defendant Marino filed against Plaintiff for complaining to the police and submitting a declaration in the *Wilson* action.

Defendants' argument is unavailing because only Defendant Marino and Plaintiff know whether the sexual assaults occurred. Therefore, the ADA's credibility determination has no probative value regarding whether the assaults took place. Whether Plaintiff was sexually assaulted by Defendant Marino is the critical factual determination upon which Plaintiff's Title VII retaliation claim rests. To wit, if the jury determines the sexual assaults happened it can reasonably conclude that Defendant Marino's State action was without merit and filed solely to retaliate against the Plaintiff. Conversely, if the jury finds the sexual assaults did not occur, it may

reasonably conclude that Defendant Marino had no retaliatory animus in filing the defamation action.  Therefore, the ADA's credibility determination has no probative value in terms of the sexual assault or Defendant Marino's retaliatory animus.  Further, the ADA's credibility determination poses a substantial risk of confusing or misleading the jury, it invades the fact-finding province of the jury and it poses s substantial risk of unfair prejudice because it may lead a jury to conclude the sexual assaults did not happen when the ADA's credibility determination has no bearing on the resolution of that issue.

Based the foregoing, Plaintiff respectfully requests that this Court exclude any mention of the ADA's credibility determination and that the Court give a neutral instruction to the jury that the criminal case against Defendant Marino was dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order from this Court granting Plaintiff's motions *in limine* Nos. 1 & 2  and excluding the above discussed evidence.


Dated:        New York, NY                                    **ARCÉ LAW GROUP, PC**
              April 4, 2014

                                                              Respectfully submitted,


                                                              */s/ Gordon Kaupp_____*
                                                              W. Gordon Kaupp, Esq.
                                                              *Attorneys for Plaintiff*
                                                              30 Broad Street, 35th Floor
                                                              New York, NY 10004
                                                              (212) 248-0120